## HARRITON v. LUCAS, Internal Revenue Commissioner.

### No. 4919.

Court of Appeals of District of Columbia.

Argued April 10, 1930.

Decided May 5, 1930.

Clarence A. Miller, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, Shelby S. Faulkner, Sewall Key, and John G. Remey, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This appeal is taken from a redetermination of a deficiency of $4,906.46 in appellant's income tax for the year 1920.

It appears that the appellant resided in Buffalo, N. Y., and was engaged in the wholesale metal and rubber business. When appellant made his income tax returns for 1917, 1918, and 1919, he made use of his inventories in determining the income from his business and his taxable net income. In 1920, these returns were examined by a revenue agent, who discarded appellant's inventories, and computed his net income for these years without the use of inventories. The examination thus conducted disclosed net losses for 1917 and 1919, showing an overpayment of taxes for these years, and a deficiency for the year 1918, resulting altogether in a net additional tax for the three-year period of $1,771.78. The net loss computed for 1919 by the revenue agent was in the sum of $38,673.42, but in computing the additional tax for 1918, the agent did not apply against it any part of such loss. This action was approved by the Commissioner of Internal Revenue and the net additional tax of $1,771.78 was paid by appellant in November, 1921. Appellant, however, objected to the method adopted by the revenue agent of determining his tax liability without the use of his inventories, and filed a claim for a refund. Afterwards, when computing his net taxable income for 1920, appellant, conformably with the foregoing proceedings, did not make use of his inventories, but in 1921 he made use of them by permission of the Commissioner.

In July, 1925, an examination was made by a revenue agent of appellant's books and records for the years 1920 and 1921, and in October, 1925, a supplemental examination for these years was made, this time by use of appellant's inventories. No change was made in the 1921 return, but a net taxable

income of $44,641.65, was found for 1920, resulting in an additional tax of $4,906.46, for that year. Appellant then claimed that the net loss for 1919, to wit, $38,673.42, which was previously reported by the first revenue agent, should be deducted from the taxable income of $44,641.65 for 1919, less the amount of the taxable net income for the year 1918; this claim being made under section 204 (b) of the Revenue Act of 1918 (40 Stat. 1061). The claim was rejected by the Commissioner upon the ground that by the use of appellant's inventories it was disclosed that in fact the report of the alleged loss in 1919, made by the first revenue agent, was erroneous, and that no loss had actually occurred in that year. It is claimed by appellant that inasmuch as the Commissioner had computed appellant's taxable income for the years 1917, 1918, and 1919 without using inventories, resulting in additional taxes for 1918, and determining a statutory net loss for 1919, the Commissioner was barred from denying to appellant a deduction of that loss in computing his taxable income for 1920. Accordingly the question before the Board was whether it was bound by the Commissioner's prior determination of a net loss for 1919, or could inquire whether the loss thus determined had actually been sustained. The Board ruled against appellant's claim, and held that it could redetermine the issue upon the facts regardless of the first determination made by the Commissioner.

In our opinion the ruling of the Board is correct. The Commissioner in determining appellant's taxes for the year 1920, was not estopped by his former action from making a second investigation into the facts and entering a determination accordingly. Otherwise the Commissioner would be denied the right to make a correct determination because of his previous reliance upon the erroneous report of his first agent. In L. Loewy & Son, Inc., v. Commissioner, 31 F.(2d) 652, the Circuit Court of Appeals for the Second circuit held that, within the period of the statute of limitations and in the absence of a statutory settlement, the Commissioner has full power to alter or revise a previous determination. By section 274 (g) of the Revenue Act of 1926 (26 USCA § 1048(e), the Board of Tax Appeals is authorized to "consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency." In Austin Co. v. Commissioner, 35 F.(2d) 910 (Certiorari denied March 17, 1930, 50 S. Ct. 249, 74 L. Ed. —), the Cir-

cuit Court of Appeals for the Sixth circuit held that the Commissioner of Internal Revenue was authorized to make additional assessment upon new and further facts received from later reports of comparative corporations, or upon a corrected view of the law, which should control his conclusion after he had allowed taxpayer's application for special assessment under the Revenue Act of 1917 (40 Stat. 300), and determined its liability thereunder and made refund of taxes it had theretofore paid; also that there is a presumption that the Commissioner of Internal Revenue making additional assessment performed his duty; that is, that he acted upon all facts before him, including new and different ones. See American-La France Fire Engine Co. v. Riordan (D. C.) 294 F. 567, to the same effect, but reversed upon other grounds.

The appellant in the present case has no substantial ground for complaint. It was his claim from the beginning that his inventories should be used by the Commissioner in determining his income and net taxable income. That course was correctly followed by the Commissioner in reaching the determination now in question, and no testimony was submitted by the appellant before the Board tending to impeach it.

The decision of the Board of Tax Appeals is accordingly affirmed.