EDNA M. MARTIN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1366

Argued January 18—decided March 18, 1983

*Thadd A. Gnocchi,* assistant attorney general, for the appellant (state).

*Pamela R. Hershinson,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from a decision of the Superior Court reversing the defendant administrator's denial of unemployment compensation benefits to the plaintiff employee.

The plaintiff worked as a file clerk at Mount Sinai Hospital for two years prior to leaving her employment on July 31, 1981. She thereafter applied for unemployment benefits. At every phase of the administrative process, the plaintiff was held to be ineligible for compensation.

The appeals referee found that "[t]he claimant quit her job since she felt that her job was not challenging. Additionally, she performed her work in a confined area." She concluded that the plaintiff was disqualified for benefits under General Statutes § 31-236 (2) (A) for

the reason that she voluntarily left suitable work without cause. The board of review adopted the referee's finding and affirmed the decision.

In her appeal to the Superior Court, the plaintiff claimed for the first time in a letter annexed to her appeal that the filing area was enclosed after she began working there and that she left because of this change. Noting that an employer created change resulting in unbearable work conditions is a sufficient cause for an employee to leave work; *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 13–14, 434 A.2d 293 (1980); the trial court held that the administrative record disclosed that such a condition might exist in the present case. Concluding that the legislative intent underlying the unemployment compensation act requires that the benefit of the doubt should be given to the plaintiff, the court sustained her appeal.

The dispositive issue before us is whether the trial court improperly substituted its conclusion for that of the board. "In appeals of this nature, the Superior Court does not try the matter de novo. It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where as is true here, the board of review adopted the findings and affirmed the decision of the referee." (Citations omitted.) *Robinson* v. *Unemployment Security Board of Review,* supra, 4. The court's decision here hinges upon findings of fact that the change in working conditions occurred after the plaintiff began work and was so unbearable that the plaintiff had no choice but to leave. The plaintiff had never presented either claim at the hearing and the referee therefore made no finding on these issues.

The original record does, however, contain a finding that the claimant worked in a confined area. The referee's decision does not articulate when this condition occurred or whether this in fact created an unbearable work condition. In view of the proposition

that "the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims *not fully explored in earlier proceedings*"; (emphasis added) *Burnham* v. *Administrator,* 184 Conn. 317, 322–23, 439 A.2d 1008 (1981); we conclude that a further hearing is necessary to ascertain those subordinate factual issues.

There is error, the judgment is set aside and the case is remanded for the rendition of a judgment returning it to the board to remand to the referee for a rehearing and a finding of facts in accordance with this opinion.

DALY, COVELLO and CIOFFI, Js., participated in this opinion.