[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an appeal by the plaintiff employee from a decision of the defendant denying compensation. Mr. Cocove was initially ruled eligible for unemployment benefits by the Administrator on April 19, 1993. The employer, First Securities Corporation, appealed the decision, and Appeals Referee Christian M. Dechant reversed the Administrator's ruling by decision issued May 19, 1993. The hearing before Referee Dechant was via telephone because Mr. Cocove had relocated to Virginia. Mr. Cocove appealed the Referee's decision to the Board of Review and the Board of Review affirmed the decisions of the Referee on September 2, 1993. Mr. Cocove's Motion to Reopen was also denied on November 18, 1993. Mr. Cocove appealed to this court in December 1993.
The issue in this case is whether the Board of Review properly determined that the claimant voluntarily left work without sufficient job-connected cause and was therefore disqualified from receiving benefits. The plaintiff was employed by First Securities for 4 years until his resignation on March 18, 1993. (Appeals Referee Decision, page 1). Mr. Cocove claimed that after he agreed to relocate to Wilton, Connecticut from Boston Massachusetts, he then was required to commute to Hartford, Connecticut every other week, without being reimbursed for travel. This necessitated not only a longer commute time, but additional working hours with no extra compensation. Mr. Cocove claimed that he did complain to his employer with no success, and when conditions became, in his estimation, intolerable, he resigned his position. The Appeals Referee and the Board of Review agreed with the employer and found that the plaintiff left suitable work without sufficient job-connected cause, and therefore, denied the plaintiff CT Page 10157 unemployment compensation.
This court may not hear an unemployment compensation appeal de novo. The court must only determine whether the Board acted unreasonably, arbitrarily, or illegally in finding that the plaintiff employee was not justified in leaving his employment on March 18, 1993. See Robinson v. Unemployment Security Boardof Review, 181 Conn. 104, 112 (1981). The court can, however, upset a decision of the Board if it finds that its decision "resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts." DaSilva v. Administrator, 175 Conn. 562, 564 (1978).
The Appeals Referee concluded that the plaintiff acquiesced to the unsuitable conditions because he remained on the job after he had a reasonable period to assess the conditions. This court finds that the conclusion, adopted by the Board of Review, is not a valid inference, and cannot reasonably and logically follow from the facts that were found. (Decision of Appeals Referee, page 3, Decision of The Board of Review, page 2). Appeals Referee Dechant found that Mr. Cocove complained to his boss regarding his dissatisfaction and was advised to "do what he was told." (Decision of Appeals Referee, page 10.) This court finds improper and unreasonable the Appeals Referee Dechant's inference that the plaintiff's silence after his complaints was an acquiescence. See American Tobacco v.Katingo, 174 F.2d 449 (2d. Cir. 1951); citing E.F. Drew v.Reinhard, 70 F.2d 679, 684 (2d. Cir. 1948).
The court has reviewed the tape of the telephonic hearing which was conducted on May 14, 1993. The employer had the benefit of counsel at that hearing. The plaintiff, Mr. Cocove, appeared pro se, and in his appeal to the Board of Review, filed a 20 page memorandum, dated June 4, 1993, which the court did review. In that memorandum, Mr. Cocove, on the fifth page, indicates that he does have witnesses who could testify as to the unsuitable working conditions, specifically as to lack of compensatory time. In addition, on page 14, Mr. Cocove testified that he does have witnesses who could testify and who were present during the times that he complained about work hours, compensation, overtime, etc. In view of the claim of Mr. Cocove that he does have witnesses who can testify as to the critical issues such as unsuitable working conditions and his repeated complaints in connection therewith, the court is inclined to give the plaintiff a further opportunity to be heard CT Page 10158 in connection with his claim. In Connecticut, it has long been
 the proposition that `the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings.'
Edna M. Martin v. Administrator, 38 Conn. Sup. 710, 712 (1983) (citing Burnham v. Administrator, 184 Conn. 317, 322-23 (1981).
Because the plaintiff was unrepresented at the hearing conducted on May 14, 1993, and because he feels that there was evidence that he did not present at that hearing, and for the other reasons stated above, the court will provide him with another opportunity to be heard and will remand this matter to a referee for further hearing and findings of fact.
/s/ Pellegrino, J. PELLEGRINO