LULU VANCE BAUMGARTNER, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24828. Promulgated December 11, 1930.

*Walter C. Fox, Jr., Esq.*, for the petitioner.
*Frank T. Horner, Esq., J. E. Mather, Esq.*, and *H. B. Hunt, Esq.*, for the respondent.

OPINION.

SEAWELL: The issues are considered in the order heretofore stated.

1. The petitioner raises the question of the constitutionality of section 316 of the Revenue Act of 1926, which section is substantially the same in form and purpose as section 280 of the same act, both sections providing means for the enforcement of liabilities of "transferees." We have repeatedly held that where a petitioner appeals to this Board under section 280 the validity of said section may not be questioned in such proceeding. *Henry Cappellini et al.,*

14 B. T. A. 1269, and subsequent approving decisions. We hold the same ruling is applicable to said section 316. *Phillips* v. *Commissioner*, 42 Fed. (2d) 177; 282 U. S. 828; and *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208; certiorari denied, 281 U. S. 734.

2. Although the petitioner questions the correctness of the respondent's action in including the whole value of the community property in the decedent's gross estate, she concedes the decisions of this Board are against her contention and there is therefore no necessity for any discussion of the subject. See *Talcott* v. *United States*, 23 Fed. (2d) 897; certiorari denied, 277 U. S. 604; and *Henshaw* v. *Commissioner*, 31 Fed. (2d) 946; affirming 12 B. T. A. 1441.

3. On February 18, 1925, the respondent allowed, in part, the claim for abatement filed by the petitioner as executrix and her insistence in effect is that such decision or allowance is final and can not be reconsidered and reopened by the respondent. Such contention is not sound. There is no evidence that any final closing agreement under any of the revenue acts was entered into between the petitioner as executrix or otherwise and the respondent, in the absence of which we are of the opinion that the respondent was not estopped from reopening the case and making a redetermination of the estate tax within the statutory period. *McIlhenny* v. *Commissioner*, 39 Fed. (2d) 356, and authorities therein cited; *Eleanor Jane Zeile, Executrix,* 20 B. T. A. 1039. See also *James Couzens*, 11 B. T. A. 1040.

4. The decedent died August 1, 1921, and the tax on his estate was due August 1, 1922. (Sec. 406, Revenue Act of 1918.) Four years were allowed for the assessment of additional taxes, or until August 1, 1926. (Sec. 1322, Revenue Act of 1921.) The assessment of tax against the decedent's estate was timely made on March 12, 1923. The period for assessment against the decedent's estate or the executrix thereof did not expire, however, until after the passage of the Revenue Act of February 26, 1926. The assessment would, therefore, fall within the retroactive provisions of section 311 of that act.

Assessment and collection against the executrix or the estate of decedent not being barred before the Revenue Act of 1926 was passed, this proceeding against the transferee petitioner is not barred. Such being the case, section 316 (b) (1) of said act contains the applicable limitation in reference to assessment of the liability of the transferee petitioner, which is " within one year after the expiration of the period of limitation for assessment against the executor or donor." The expiration date against the executrix (estate) was August 1, 1926. The letter of respondent notifying

petitioner of the proposed assessment against her as transferee was mailed January 14, 1927, within one year from the expiration date against the executrix of the decedent's estate. See *Louis Costanzo et al.*, 16 B. T. A. 1294; *David T. Long*, 17 B. T. A. 584; and *W. O. Menger et al.*, 17 B. T. A. 998. The deficiency in estate tax proposed to be assessed in the amount of $5,297.38 as a liability against the petitioner as a transferee is the amount to which extent an assessment made March 12, 1923, against the decedent's estate, was on February 18, 1923, abated and canceled—following the filing by the executrix of a claim in abatement—on the idea that only one-half of the community property of the decedent and his wife was upon his death subject to estate tax under the Revenue Act of 1918.

It is argued in behalf of the petitioner that after such abatement of estate tax, there being no outstanding assessment against the decedent's estate or its executrix, respondent could not legally proceed against the petitioner as a transferee before exhausting his remedies against the estate or executrix and that in this instance such was not done.

It is shown by the evidence that all known assets of the decedent's estate were distributed December 27, 1922, the petitioner herein receiving all except a legacy of $5,000. The value of what she received was in excess of the amount of tax and interest proposed to be assessed against her as a transferee. At the hearing on May 23, 1930, it was stipulated that there were no known additional assets.

In the circumstances of the case it was not, in our opinion, necessary to again make an assessment of the tax against the executrix of the estate before proceeding against the petitioner as a transferee. The entire known estate was distributed but not closed, being held open to receive further property if any were found, but none appears to have been found after a period of more than seven years. In *Angier Corporation*, 17 B. T. A. 1376, we held:

* * * It is not necessary that the respondent assess the tax against the transferor before proceeding against the transferee. *Woodley Petroleum Co. et al.*, 16 B. T. A. 253. It is sufficient if he proceeds against the transferee within the period provided by the statute therefor.

5. Recovery against the petitioner is not precluded by reason of the fact that she is not the sole transferee. The evidence shows she received assets of a value in excess of the tax and interest asserted against her and under the law as we view it and have so decided, there is no need to prorate the liability or proceed against the other transferee. See *W. O. Menger et al.*, *supra*.

We have cited the sections of the revenue acts which in our opinion are applicable in the instant case and also decisions of this Board which are controlling and for that reason have not deemed it neces-

sary to discuss in detail every section of the revenue laws cited and the decisions relied on in behalf of petitioner, where such appeared to us inapplicable. We will state, however, that to sustain the plea. of the bar of the statute of limitations it is insisted in behalf of the petitioner that the three-year limitation for assessment provided in section 310 (a) of the Revenue Act of 1926 is applicable in the instant case. With such contention we do not agree.

Section 318 (a) of the Revenue Act of 1926 expressly provides that in the case of a deficiency in estate tax imposed by the Revenue Act of 1918, or by such act as amended, the period of limitation prescribed in section 1109 of the Revenue Act of 1926 shall be applied in lieu of the period prescribed in subdivision (a) of section 310; in other words, the four-year instead of the three-year period should be applied, and, when so applied, it will be seen that the respondent's letter notifying petitioner of her liability as transferee was mailed, as we have heretofore indicated, in due time.

We are of the opinion that the proposed assessment of the amount of deficiency in estate tax as a liability against the petitioner as a transferee of property of the decedent is not barred and that the petitioner is liable for the same.

*Judgment will be entered for the respondent.*