Mrs. U. H. Butler, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

George Cathey, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Luke Cathey, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. W. L. Clements, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. Bess McCool, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

C. C. Russell, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. C. C. Russell, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. W. W. Williams, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 46055–46062. Promulgated October 27, 1931.

*Walter E. Barton, Esq.*, and *R. C. Winters, Esq.*, for the petitioners.

*P. M. Clark, Esq.*, for the respondent.

508

510

OPINION.

Love: The petitioners have abandoned the assignments of error numbered 5 and 7. Such of the remaining assignments as attack the constitutionality of section 280 of the Revenue Act of 1926, i. e., assignments numbered 2, 3, 4 and 8, are decided adversely to the petitioners on authority of *Phillips* v. *Commissioner*, 283 U. S. 589, affirming 42 Fed. (2d) 177, and 15 B. T. A. 1218; *Baumgartner* v. *Commissioner*, 51 Fed. (2d) 472; affirming 21 B. T. A. 623; *Alexander* v. *Mid-Continent Petroleum Corp.*, 51 Fed. (2d) 735; and *Coca-Cola Bottling Co. et al.*, 22 B. T. A. 686.

The sixth assignment alleges error in the respondent's failure to exhaust available legal remedies against the taxpayer before proceeding against the transferees. It has been shown that after assessment two warrants of distraint were issued against the taxpayer and after conferences with the taxpayer were returned with notations that " no property was found on which to levy." It is apparent that under such circumstances further proceedings against Mrs. Cathey would have been futile and we have held in analagous cases that the respondent was not required to pursue them. *B. F. Fairless*, 19 B. T. A. 304; *John Thomson, Jr., et al.*, 20 B. T. A. 1.

The first assignment of error is the only one remaining for consideration. It alleges that the respondent erred in finding that the petitioner was liable in law or in equity as a transferee of property of Mrs. Cathey. Under the provisions of section 602 of the Revenue Act of 1928 the burden of proof is upon the respondent to show that the petitioners are liable as transferees. Since it is conceded that each of the petitioners is in fact a transferee of Mrs. Cathey, the

only question presented is whether or not they are liable in law or in equity under the provisions of section 280. Each of the petitioners, except C. C. Russell, received $5,000 in cash from Mrs. Cathey in 1924, and Mr. and Mrs. C. C. Russell acquired certain property from her in 1927. These are the transfers upon which respondent depends to support his determination of the petitioners' liabilities. Since they involve two types of transfers, we will discuss them separately.

In 1924 Mrs. Cathey sold certain oil rights or royalties for $40,000 in cash. She immediately gave each of the seven petitioners herein, who are her children, i. e., each of the petitioners except C. C. Russell, $5,000 in cash, as a gift. After making these gifts, totaling $35,000, Mrs. Cathey's assets consisted of at least $5,000 in cash, surface rights to 520 acres of farm lands and a small homestead situated in Putnam, Tex. The homestead had an estimated value of $3,000 in 1927 and was then encumbered to the amount of $2,500. Evidence respecting the value of the surface rights of the farm land has not been sufficient to warrant a finding of its value. It does not appear whether or not this property was encumbered in 1924. Mrs. Cathey, according to respondent's determination of her tax liability as indicated in the deficiency letters, had a total net income for the year 1924 in the amount of $45,923.13.

Respondent contends that after making the gifts above mentioned Mrs. Cathey was insolvent, or so nearly insolvent as to render her donees liable to her creditors, or, more specifically, to charge the petitioners with her income-tax liability. Respondent takes the position that because the value of the 520 acres of farm land has not been established we must regard it as valueless. This we are not willing to do. Such evidence as there is in the record, while not conclusive enough to warrant a finding of value, clearly indicates that the farm lands had a considerable value in 1924. The burden of establishing a transferee's liability as such is on the respondent. *Kinnett-Odom Co.*, 19 B. T. A. 1124. We do not believe it has been sustained in this instance.

The transfer of the farm lands to Mr. and Mrs. C. C. Russell in 1927 remains to be discussed. Again we think the respondent has failed to sustain his burden. The testimony is that Mrs. Cathey transferred the farm lands to the Russells in consideration of their agreement to assume her known debts and to support her for the remainder of her life. C. C. Russell thereafter paid off a $2,500 note of Mrs. Cathey's and he has contributed $600 to $750 a year to her support since 1927. The payment of the note and the contributions to Mrs. Cathey's support certainly constitute valuable considerations for the transfer of the farm lands. When it is remembered that

the value of the farm lands has not been established, the failure to sustain respondent's burden becomes patent. We can not approve respondent's assertion of a liability as a transferee upon such evidence as was offered in these proceedings.

*Judgment will be entered for the petitioner.*