978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 MERIDIAN OIL PRODUCTION, INC., and El Paso Natural Gas
Company, Plaintiff-Appellant,
v.
UNIVERSAL RESOURCES CORPORATION, Defendant-Appellee.
 No. 91-6284.
 United States Court of Appeals, Tenth Circuit.
 Oct. 29, 1992.
 
 Before LOGAN, and SEYMOUR, Circuit Judges, and BARRETT, Senior Circuit Judge.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Meridian Oil Production, Inc. (Meridian) and El Paso Natural Gas Company (El Paso), hereinafter for convenience collectively referred to as Meridian, seek review of an order and judgment granting summary judgment in favor of Universal Resources Corporation (Universal).
 
 
 2
 On April 3, 1980, El Paso and Universal executed a joint operating agreement under which Universal became the operator of six oil and gas wells located in Beckman County, Oklahoma. El Paso and Universal executed a second joint operating agreement on August 1, 1981, under which Universal became the operator of a seventh oil and gas well also located in Beckman County.
 
 
 3
 The parties utilized the American Association of Petroleum Landmen Form 610-1977 Model Operating Agreement for both agreements. The "Accounting Procedures for Joint Operations," prepared by the Council of Petroleum Accounting Societies of North America (COPAS), was added as Exhibit C to both agreements. Meridian subsequently became an assignee of El Paso subject to the operating agreements.
 
 
 4
 The operating agreements authorized Universal, as operator, to incur charges for labor, services, and materials in connection with the operation of the wells on behalf of non-operators, including Meridian, not in excess of $25,000 and thereafter bill Meridian and other non-operators for their pro rata share. In turn, Meridian, as a non-operator, could protest or question Universal's bills and could, upon notice in writing, audit Universal's accounts and records. Specifically, the agreements provided that:
 
 4. Adjustments
 
 5
 Payment of any ... bills shall not prejudice the right of any Non-Operator to protest or question the correctness thereof; provided, however, all bills and statements rendered to Non-Operators by Operator during any calendar year shall conclusively be presumed to be true and correct after twenty-four (24) months following the end of such calendar year, unless within the said twenty-four (24) month period a Non-Operator takes written exception thereto and makes claim on Operator for adjustment. No adjustment favorable to Operator shall be made unless it is made within the same prescribed period....
 
 5. Audits
 
 6
 A Non-Operator, upon notice in writing to Operator and all other Non-Operators, shall have the right to audit Operator's accounts and records relating to the Joint Account for any calendar year within the twenty-four (24) month period following the end of such calendar year; provided, however, the making of an audit shall not extend the time for the taking of written exception to and the adjustments of accounts as provided in Paragraph 4....
 
 
 7
 (Appendix, Vol. II, Tab 8, p. 545).
 
 
 8
 From November, 1981, to January, 1984, Meridian and other non-operators audited Universal's charges for the Beckman County wells. Meridian prepared reports in accordance with the COPAS audit procedures, detailing exceptions to the bills received and paid. These reports were sent to Universal.
 
 
 9
 Universal typically granted in whole or in part certain exceptions, denied others, and withheld action on still others pending receipt of further information. Meridian and other non-operators answered Universal's responses, agreeing with Universal's treatment of certain exceptions and rejecting its treatment of others. Communications between the parties continued over a number of years in an effort to resolve the open audit exceptions.
 
 
 10
 Meridian subsequently commenced this action on August 15, 1990, seeking to recover on the exceptions not granted by Universal. Meridian alleged that Universal charged for certain materials purchased but not used in the drilling and completion of the seven wells and overcharged for materials used in connection with the wells. Meridian sought damages and an accounting under common law.
 
 
 11
 Universal responded that Meridian's complaint failed to state a claim upon which relief could be granted and that its claims were barred by the applicable statute of limitations. Universal subsequently moved for summary judgment.
 
 
 12
 In its order granting summary judgment in favor of Universal, the district court found, inter alia: although the parties agreed that plaintiffs' causes of action are governed by Oklahoma's five-year statute of limitations, they disagreed as to when the five-year period began to run; plaintiffs contend that the statute did not begin to run until December, 1985, when Universal notified them that it did not intend to credit them for the contested amounts; Universal contends that the plaintiffs' causes of action accrued at the time the allegedly improper overcharges were made; it is undisputed that the alleged overcharges occurred prior to 1985 for five of the seven wells; Oklahoma law is clear that a cause of action for breach of contract accrues upon the happening of the breach and not the date of the resulting damage; plaintiffs' causes of action on five of the seven wells[1] accrued at the time the alleged overcharges were made and are time barred; and the statute of limitations was neither tolled by Universal inducing plaintiffs to await the completion of the audit process before filing suit nor extended by Universal's acknowledgment of debt owed to plaintiffs.
 
 
 13
 On appeal, Meridian contends: (1) the parties' participation in the audit process tolled the statute of limitations; (2) Universal, having received the benefit of immediate payment and having participated in the audit process, cannot assert the statute of limitations as a defense; and (3) in the alternative, summary judgment is inappropriate because the course of conduct between the parties raises genuine issues of material fact.
 
 
 14
 We review de novo the grant or denial of a motion for summary judgment, applying the same standards used by the district court. Notari v. Denver Water Department, 971 F.2d 585, 587 (10th Cir.1992); Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir.1992). Our de novo review requires us to examine the evidence in the light most favorable to the non-moving party in order to ascertain whether any genuine issue of material fact exists and whether the district court properly applied the relevant substantive law. Sierra Club v. Lujan, 972 F.2d 312, 314 (10th Cir.1992). In conducting de novo review, "no form of appellate deference is acceptable." Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1224 (1991).
 
 I.
 
 15
 Meridian contends that the parties' participation in the audit and adjustment process provided for under the agreements tolled the statute of limitations. Meridian argues that the joint operating agreements are unique contracts because they contemplate the operator's breach and provide for an express, agreed upon, formal procedure, i.e., the COPAS audit procedure, for such breach; further, that the statute of limitations was tolled once the audit process was invoked and while it continued.
 
 
 16
 Meridian cites to a number of cases, including Reppy v. Department of Interior, 874 F.2d 728, 730 (10th Cir.1989) (timely petition for reconsideration of federal agency action tolls the running of the applicable statute of limitations period for seeking judicial review of the agency's action), Salgado v. Atlantic Richfield Company, 823 F.2d 1322 (9th Cir.1987) (applicable statute of limitations is tolled until such time as the EEOC has completed its investigation and issued its right-to-sue letter), Galindo v. Stoody, 793 F.2d 1502 (9th Cir.1986) and Frandsen v. Brotherhood of Railway, Airline, and Steamship Clerks, 782 F.2d 674 (7th Cir.1986) (six month limitation on duty of fair representation claim is tolled while employee pursues intraunion grievance procedures), for the proposition that the relevant state statute of limitations is tolled while a plaintiff is pursuing administrative remedies, and the statute of limitations does not commence running until after the nonjudicial dispute resolution mechanism is completed.
 
 
 17
 Universal responds that Meridian is attempting to rely on irrelevant case law to reverse Oklahoma's long-established rules pertaining to its limitations statutes. Universal argues that, in Oklahoma, an action based on a written contract can be tolled under 12 Okla.Stat. 101[2] only if an existing liability, debt, or claim is acknowledged in writing and is signed by the party to be charged.
 
 
 18
 In our case, it is undisputed that: the alleged overcharges occurred prior to 1985; Meridian's causes of action are governed by Oklahoma's five-year statute of limitations; Meridian did not commence this action until August, 1990; the operating agreements did not provide that completion of the COPAS audit procedures was a condition precedent to filing a lawsuit to enforce a claim; and the operating agreements did not provide that the statute of limitations was tolled once the audit process was invoked and while it continued.
 
 
 19
 Under these circumstances, we hold that the district court properly found that the parties' participation in the audit process did not toll Oklahoma's five-year statute of limitations and that Meridian's claims were time-barred:
 
 
 20
 Because the audit process is not a condition precedent to the commencement of a lawsuit, the Court finds that the plaintiffs could have first maintained their cause of action on these five wells to successful conclusions and thus, these causes of action accrued, at the time the alleged overcharges were made or the amounts not credited to the joint account. It is undisputed that these events occurred prior to 1985....
 
 
 21
 To avoid the bar of the statute of limitations, the plaintiffs have argued that this five year period was either tolled by the actions of the defendant since the defendant induced the plaintiff to await completion of the audit process before commencing their lawsuit or was extended by the defendant's acknowledgment of the debt owed to the plaintiffs. The court disagrees.
 
 
 22
 .... There is no evidence that the plaintiffs did not know about these events [alleged overcharges] before the five year period ... ran or that defendant took direct action to thwart plaintiffs' efforts to bring their claims within the statutory period. Participation in the audit process alone is not sufficient to toll the statute.
 
 
 23
 The plaintiffs argument pertaining to the extension of the applicable limitations period must likewise fail. Title 12, section 101 of the Oklahoma statutes permits part payment, acknowledgment of an existing liability or debt or promise to pay the same to extend the pertinent limitations period. The statute however requires that such acknowledgment or promise be in writing and signed by the party to be charged thereby. The plaintiffs have provided the court with correspondence between the parties to the Joint Operating Agreements.... The correspondence ... is insufficient to constitute an acknowledgment within the meaning of section 101 to interrupt the limitations period and start it running anew.
 
 
 24
 (Appellants' Appendix, Vol. II, Tab 8, pp. 550-552).
 
 II.
 
 25
 Meridian argues that Universal, having received the benefit of immediate, uncontested payment and having fully participated in the audit procedure, is estopped to deny that procedure and assert the statute of limitations as a defense. Universal responds that it is not estopped under the laws of Oklahoma to raise the defense of the statute of limitations when, as here, it did not induce Meridian into permitting the limitations period to expire without filing a claim. We agree.
 
 
 26
 This is not a case where Universal "lull[ed] an adversary into a false sense of security, thereby subjecting his claim to the bar of limitations, and then [attempted] to plead that very delay as a defense to the action." Whitely v. Oologah Independent School District, 741 P.2d 455, 457 (Okla.1987), citing Hart v. Bridges, 591 P.2d 1172 (Okla.1979). On the contrary, Meridian initiated the audit process and thereafter "Universal did comply with the COPAS Audit Procedure." (Appellants' Opening Brief, p. 9). Moreover, Meridian has not challenged the district court's findings, supra, that "[t]here is no evidence that ... the defendants took direct action to thwart the plaintiffs' efforts to bring their claims within the statutory period."
 
 
 27
 Under these circumstances, we hold that the Universal was not estopped from asserting the five-year statute of limitations as a defense.
 
 III.
 
 28
 Meridian contends that summary judgment was inappropriate because the course of conduct between the parties raised genuine issues of material fact. Meridian's argument, which is essentially a restatement of its prior arguments, is that "[a]t issue here is whether Universal's representations and pattern of conduct in connection with the Beckman County wells caused [Meridian] to rely on the audit and adjustment process to resolve their disputes with Universal and to delay filing their Complaint." (Appellants' Opening Brief, p. 26).
 
 
 29
 It is uncontested that Meridian initiated the audit process. It is also uncontested that "Universal did comply with the COPAS Audit Procedure." (Appellants' Opening Brief, p. 9). Moreover, Meridian does not challenge the district court's findings, supra, that "[t]here is no evidence that the plaintiffs did not know about these events [alleged overcharges] before the five-year period provided by section 95 first ran or that the defendant took direct action to thwart the plaintiffs' efforts to bring their claims within the statutory period."
 
 
 30
 Meridian, having initiated the audit process, and having acknowledged that Universal complied with it, cannot now prevail on the ground that Universal's conduct caused Meridian to rely on the audit process to resolve the disputes and enticed Meridian to delay filing its complaint, making summary judgment in favor of Universal improper. Viewing the evidence in the light most favorable to Meridian, we hold that the district court did not err in granting summary judgment in favor of Universal.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Prior to the court's entry of judgment in favor of Universal, the parties stipulated to the dismissal with prejudice of Meridian's causes of action on the two remaining wells
 
 
 [2]
 § 101 provides: In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby