# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                    Elisabeth A.
Shumaker
Clerk                                                    Chief Deputy Clerk

January 13, 1997


TO:   All recipients of the captioned order and judgment

RE:   No. 96-9006, Gray v. CIR
      January 7, 1997


      Please be advised of the following correction to the captioned decision:

The Order and Judgment filed January 7, 1997 is WITHDRAWN. Please
substitute the following opinion.

      The opinion is attached for your convenience.

                              Very truly yours,

                              Patrick Fisher, Clerk



                              Susie Tidwell
                              Deputy Clerk


Encl.

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

ROBERT L. GRAY,
MARY A. GRAY,

     Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent-Appellee,

No. 96-9006

Appeal from the United States Tax Court
(No. 4056-94)

Robert L. Gray and Mary A. Gray, Pro Se.

Ann B. Durney and Edward T. Perelmuter, Attorneys, Tax Division, Department of Justice, Washington, D.C., for Respondent-Appellee.

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

**SEYMOUR**, Chief Judge.

Robert L. Gray and his wife Mary appeal the Tax Court's decision upholding the Commissioner's assertion of a deficiency of $65,336 in federal income tax for the 1990 tax year. We affirm.[1]

I.

On May 25, 1990, Mr. Gray and Phillips Petroleum Company settled his claim against the company under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, for $221,000. Half of the settlement was characterized as representing lost pension and insurance benefits, and the other half as ADEA liquidated damages. Mr. Gray did not report the settlement amount on his 1990 tax return, apparently believing that the amount was excluded from gross income by Section 104(a)(2) of the Internal Revenue Code, which provides an exclusion for "any damages received . . . on account of personal injuries or sickness." 26 U.S.C. § 104(a)(2).[2]

After asserting a tax deficiency against Mr. Gray, the IRS in 1991 "abated the tax previously assessed on the age discrimination proceeds." Aplt.'s Br. at 17.

_____

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

[2]Section 104(a)(2) has been amended by the Small Business Job Protection Act of 1996, Pub. L. No. 104-188, § 1605. We rely in this case upon the prior version.

It thereafter informed Mr. Gray it was suspending administrative action on his case pending the Supreme Court's disposition of <u>United States v. Burke</u>, 504 U.S. 229 (1992), in which the Court ultimately held that backpay received under the pre-1991 version of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-e17, was not excludable from gross income. 504 U.S. at 242. On January 20, 1994, the Commissioner issued a notice of deficiency based on Mr. Gray's improper exclusion of the settlement proceeds from gross income. Mr. Gray challenged the deficiency determination in the Tax Court. In the meantime, the Supreme Court decided <u>Commissioner v. Schleier</u>, 115 S. Ct. 2159 (1995), in which it held that awards under the ADEA are not damages received "on account of personal injuries," and thus are not excludable. <u>Id.</u> at 2167. The Tax Court held Mr. Gray's case governed by <u>Schleier</u>.

II.

Mr. Gray appears to advance three principal arguments: (1) <u>Schleier</u> does not apply because his settlement was for "lost pension and insurance benefits" rather than back pay; (2) the settlement should not be taxable because such settlements were not taxable under the law at the time of settlement; and (3) the issuance of the 1991 abatement estops the Commissioner from asserting the deficiency against the Grays.

The Supreme Court's holding in Schleier controls the outcome in this case.

In Schleier, the Court set out

> two independent requirements that a taxpayer must meet before a
> recovery may be excluded under § 104(a)(2). First, the taxpayer
> must demonstrate that the underlying cause of action giving rise to
> the recovery is 'based upon tort or tort type rights'; and second, the
> taxpayer must show that the damages were received 'on account of
> personal injuries or sickness.'

115 S. Ct. at 2167. The Court held that an ADEA settlement for backpay and

liquidated damages did not satisfy either requirement, and thus no part of the

settlement was excludable under section 104(a)(2). Id. The analysis in Schleier

did not depend upon the characterization of the damages received, but rather on

the Court's conclusion that the damages were not the result of a personal injury.

This conclusion applies with as much force to "lost pension and insurance

benefits" as it does to back wages. The settlement proceeds are not excludable

from gross income.[3]

Mr. Gray contends that even if the settlement is taxable under current law,

the settlement should be excludable because it was nontaxable at the time he

entered into the settlement. In fact, he asserts that he would not have settled for

that amount but for the legal advice he received that the settlement was

nontaxable. Contrary to Mr. Gray's suggestion, however, the law on this question

was far from clear at the time he entered into his settlement agreement. The IRS

---

[3] Mr. Gray's contention that the settlement amount is not "wages" does not
resolve the question of whether it is excludable from income.

-4-

has consistently maintained that Mr. Gray's settlement is taxable. Although Mr. Gray is correct that at the time of his settlement agreement several circuits had held some elements of ADEA damage awards excludable from gross income, see, e.g., Redfield v. Insurance Co. of No. Am., 940 F.2d 542 (9th Cir. 1991); Pistillo v. Commissioner, 912 F.2d 145 (6th Cir. 1990); Rickel v. Commissioner, 900 F.2d 655 (3d Cir. 1990), the courts of appeals were in conflict on taxability of ADEA awards, see Downey v. Commissioner, 33 F.3d 836, 839-40 (7th Cir. 1994) (listing conflicting circuits on issue of whether ADEA liquidated damages are taxable). Neither this circuit[4] nor the Supreme Court had spoken on the question.

It has long been recognized that the Commissioner has the power to reopen his determination of taxes owing at any time within the statutory limitations period. Burnet v. Porter, 283 U.S. 230, 231 (1931) (Commissioner may reopen case and disallow a deduction after expressly deciding to allow it); Commissioner v. Wilson, 60 F.2d 501, 503 (10th Cir. 1932) ("[The Commissioner] has the power, within the period of limitations, to make such reexaminations, redeterminations, and reassessments as may be necessary to collect the entire deficiency."); Harriton v. Lucas, 41 F.2d 429, 430 (D.C. Cir. 1930) (same); McIlhenny v. Commissioner, 39 F.2d 356 (3rd Cir. 1930) (same as Porter); Austin Co. v. Commissioner, 35 F.2d 910, 912 (6th Cir. 1929) (Commissioner is not

---

[4]The only contemporaneous case we have found in this circuit interpreting the scope of Section 104(a)(2) is Wulf v. City of Wichita, 883 F.2d 842, 873 (10th Cir. 1989), in which we held a damage award for termination in violation of the First Amendment to be excludable because it arose from a "tort-type claim."

estopped from redetermining taxes owed even when the prior determination was based on Commissioner's legal error.).

Finally, Mr. Gray apparently suggests that regardless of the applicable law, the IRS' 1991 abatement of taxes owed on the settlement estops the Commissioner from now asserting a deficiency. On the contrary, it is settled law that the issuance of an abatement does not prevent the Commissioner from redetermining or reassessing a tax deficiency, so long as the Commissioner acts before the expiration of the applicable statute of limitations. Service Bolt & Nut Co. v. Commissioner, 724 F.2d 519, 524 (6th Cir. 1983) ("[T]he abatement of an assessment is not a binding action that can estop the Commissioner from reassessing a deficiency."); Baumgartner v. Commissioner, 21 B.T.A. 623, 625 (1930) (same); Zeile v. Commissioner, 20 B.T.A. 1039, 1040 (1930) ("That the Commissioner is not estopped from reasserting a deficiency, theretofore abated by him, is now so well established by the decisions of this Board, as well as by appellate courts, that we deem it unnecessary to cite authorities."). In essence, an abatement is a unilateral statement by the Commissioner that his collectors will not currently seek payment. Generally speaking, therefore, an abatement does not create a right in the taxpayer absent an explicit agreement between the taxpayer and the Commissioner. See, e.g., McIlhenny, 39 F.2d at 358; L. Loewy & Son, Inc. v. Commissioner, 31 F.2d 652, 654 (2d Cir. 1929); Baumgartner, 21 B.T.A. at 625. Mr. Gray filed his 1990 return on April 11, 1991. The Commissioner issued the notice of deficiency January 20, 1994, within the three year limit.

-6-

We **AFFIRM** the Tax Court's ruling in favor of the Commissioner.