**Robert Lee GRAY, Plaintiff,**

v.

**PHILLIPS PETROLEUM CO., Defendant.**

No. 97–2678–JWL.

United States District Court, D. Kansas.

March 31, 1998.

Robert Lee Gray, Overland Park, KS, Pro se.

Barbara A. Harmon, David J. Waxse, Brent E. Dyer, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Phillips Petroleum Co.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is presently before the court on defendant's motion to dismiss plaintiff's complaint or, in the alternative, for summary judgment (Doc. # 5). For the reasons set forth below, defendant's motion is granted and plaintiff's complaint is dismissed in its entirety.

### I. Facts

The following facts are uncontroverted. In 1984, plaintiff filed a lawsuit against defendant alleging wrongful termination, age discrimination and denial of accrued vacation and/or vacation pay. In May 1990, the parties settled plaintiff's lawsuit and both parties executed a settlement agreement. On June 27 and 28, 1990, defendant issued four checks to plaintiff representing the amount of the settlement minus the applicable withholding. In 1991, defendant sent plaintiff a W–2 form reflecting the amount of the settlement and the taxes that were withheld. The withheld amount was paid to the IRS and the State of Kansas on plaintiff's behalf.

Plaintiff disputed the taxability of the settlement and did not report it as income on his 1990 tax return. As a result, the IRS assessed a tax deficiency against him in 1991. Plaintiff appealed the deficiency determination to the Tax Court, which upheld the determination. Plaintiff then appealed to the Tenth Circuit. *Gray v. Commissioner of Internal Revenue*, 104 F.3d 1226 (10th Cir. 1997). The Tenth Circuit upheld the Tax Court's decision that the settlement amount was properly included in plaintiff's gross income and was taxable. *Id.* at 1227–28.

On December 31, 1997, plaintiff filed suit against defendant alleging that defendant breached the settlement agreement when it issued checks for less than the full amount of the settlement and sent him a W–2 form in 1991. Plaintiff also alleges that defendant retaliated against him in violation of the Age Discrimination in Employment Act (ADEA) by reporting the amount of the settlement to the IRS as income.

### II. Summary Judgment Standard

Because both parties have submitted supporting affidavits with their papers, the court will treat defendant's motion as a motion for summary judgment. *Riley v. United States*, 938 F.Supp. 708, 709 (D.Kan.1996) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110–11 (10th Cir.1991)).[1] When considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the nonmoving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir. 1995). A moving party that also bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 536 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R.Civ.P. 1).

### III. Discussion

Defendant moves for summary judgment on the grounds that plaintiff's breach of contract claim is barred by the applicable statute of limitations and plaintiff's ADEA claim is barred for failure to exhaust administrative remedies. As set forth in more detail below,

---

**1.** In its reply, defendant moved to strike portions of plaintiff's affidavit for failure to comply with Fed.R.Civ.P. 56(e) and D.Kan. Rule 56.1 (doc. # 10).Because the assertions in plaintiff's affidavit are not relevant to the issues analyzed in the court's ruling, defendant's motion to strike is denied as moot.

the court agrees with defendant that plaintiff's claims are barred. Accordingly, defendant's motion for summary judgment is granted.[2]

### A. *Plaintiff's Breach of Contract Claim*

■ Defendant moves for summary judgment on plaintiff's breach of contract claim on the grounds that the Claim is barred by the applicable statute of limitations. As set forth in more detail below, the Court agrees with defendant. After reviewing the allegations in plaintiff's complaint, the court concludes that plaintiff cannot maintain a breach of contract claim against defendant.[3]

■ When actions filed in the district Court rely on state law, the statute of limitations of the forum determines the limitation period in the federal court. *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 683 (10th Cir.1991) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). Under Kansas law, an action for breach of a written contract must be brought within five years after the cause of action accrued. K.S.A. § 60–511(1); *Purification Int'l, Inc. v. OHM Remediation Services Corp.*, No. 96–2051–JWL, 1997 WL 94225, at *3 (D.Kan. Jan.31, 1997). A cause of action for a breach of contract claim accrues at the time of the alleged breach, "irrespective of any knowledge on the part of the plaintiff or of any actual injury it causes." *Purification Int'l*, 1997 WL 94225, at *3 (quoting *Pizel v. Zuspann*, 247 Kan. 54, 73, 795 P.2d 42 (1990) (citing *Price v. Holmes*, 198 Kan. 100, 106, 422 P.2d 976 (1967))).

In his complaint, plaintiff alleges that defendant breached the settlement agreement when it issued checks for less than the full amount of the settlement and when it sent him a W–2 form. According to defendant, plaintiff's complaint indicates that the alleged breach of the settlement agreement occurred either in 1990, when defendant issued the checks to plaintiff, or in 1991, when defendant sent plaintiff a W–2 form. Defendant maintains that, regardless of whether the alleged breach occurred in 1990 or 1991, plaintiff's complaint was filed beyond the five-year statute of limitations.

Plaintiff filed his breach of contract claim on December 31, 1997—at least six years after the date on which the alleged breach occurred. Thus, plaintiff's breach of contract claim is barred by the statute of limitations as a matter of law, unless a factual basis for tolling the statute exists. *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1428 (10th Cir.1996). *See also Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.") (citations omitted); *Slayden v. Sixta*, 250 Kan. 23, 26, 825 P.2d 119 (1992) ("[T]he burden of proving facts sufficient to toll the statute of limitations is upon the plaintiff.").

The Kansas Legislature has enacted several tolling provisions which toll a statute of limitations under certain circumstances. In contract Cases, for example, the statute of limitations may be tolled when partial payment is made or the debtor acknowledges an existing liability. K.S.A. § 60–520; *Jarnagin v. Ditus*, 198 Kan. 413, 418, 424 P.2d 265 (1967) ("In order to effectively toll the statute, a part payment must have been voluntarily and deliberately made on the indebtedness in question by the debtor ... and under such circumstances as to amount to an acknowledgment of the debtor's existing liability on the obligation."). A statute of limitations may also be tolled when a defendant is out of the state, K.S.A. § 60–517, when a plaintiff is legally disabled, K.S.A. § 60–515, or when a suit is stayed by an injunction, K.S.A. § 60–519.

---

**2.** Defendant also argues that plaintiff's claims are barred based on the doctrine of collateral estoppel. In light of the court's ruling, it need not address this argument.

**3.** The court bears in mind that plaintiff is appearing in this lawsuit pro se. In such circumstances, "the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996). This liberal Construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

The Kansas Supreme Court has also recognized that an otherwise untimely filing may be excused when "unique circumstances" are present. *See Slayden,* 250 Kan. at 30–31, 825 P.2d 119; *Schroeder v. Urban,* 242 Kan. 710, 713–14, 750 P.2d 405 (1988). This doctrine requires a "demonstration of good faith" on the part of the party seeking additional time and a "reasonable basis for noncompliance within the time specified by the rules." *Slayden,* 250 Kan. at 30, 825 P.2d 119. The Kansas Supreme Court has cautioned, however, that the unique circumstances doctrine is one of "specific and limited application." *In re Tax Appeal of Sumner County,* 261 Kan. 307, 316, 930 P.2d 1385 (1997). In fact, the Kansas Supreme Court has applied the unique circumstances doctrine only where an untimely filing was the result of third-party error. *See Sumner County,* 261 Kan. at 317, 930 P.2d 1385 (untimely filed petition for reconsideration excused where Board of Tax Appeals made erroneous statement with respect to filing period); *Slayden,* 250 Kan. at 30–31, 825 P.2d 119 (applying unique circumstances doctrine where 40–day delay in serving summons was caused by error of clerk of the district court); *Schroeder,* 242 Kan. at 713–14, 750 P.2d 405 (untimely filing of appeal excused where the district Court purported to extend the appeal period).

■ Plaintiff has not presented the court with any facts suggesting that the limitations period should be tolled or that his untimely filing should be excused.[4] Rather, plaintiff merely Claims that the six-year filing delay was caused by the ongoing litigation with respect to the taxability of the settlement amount. Such facts are insufficient to toll the statute of limitations under Kansas law. Significantly, plaintiff does not suggest that his filing delay was caused by third-party error or the receipt of misinformation. Moreover, the IRS litigation is not a basis for tolling the statute of limitations under any of the available tolling provisions specifically provided under Kansas law. *Cf. Turner & Boisseau, Chartered v. Lowrance,* 18 Kan. App.2d 332, 337, 852 P.2d 517 (1993) (pendency of bankruptcy proceedings tolls statute of limitations for breach of contract action pursuant to K.S.A. § 60–519). Accordingly, defendant's motion for summary judgment is granted with respect to plaintiff's breach of contract claim.[5]

### B. Plaintiff's ADEA Claim

Defendant moves for summary judgment on plaintiff's ADEA retaliation claim on the grounds that plaintiff failed to exhaust his administrative remedies. Defendant further argues that plaintiff cannot cure this defect because the 300–day filing period expired years ago. As set forth in more detail below, the court agrees with defendant and concludes that plaintiff cannot maintain an ADEA retaliation claim against defendant.

■ Before bringing a civil action under the ADEA, a plaintiff must have filed a timely charge of age discrimination with the EEOC. 29 U.S.C. § 626(d); *Aronson v. Gressly,* 961 F.2d 907, 911 (10th Cir.1992).[6] In his papers, plaintiff concedes that he did

---

4. The Court recognizes that, in certain circumstances, a defendant may be equitably estopped from raising a statute of limitations defense based on its own Conduct. *See, e.g., Hustead v. Bendix Corp.,* 233 Kan. 870, 873–74, 666 P.2d 1175 (1983) (citing *Bowen v. Westerhaus,* 224 Kan. 42, 578 P.2d 1102 (1978)). Plaintiff, however, has failed to allege any facts or arguments with respect to defendant's conduct which would require an analysis of the equitable estoppel doctrine.

5. *See also Meridian Oil Prod., Inc. v. Universal Resources Corp.,* No. 91–6284, 1992 WL 322214, at *3 (10th Cir. Oct.29, 1992) (affirming district Court's refusal to toll relevant state statute of limitations for breach of contract action while plaintiff pursued formal audit process, in part because the process was "not a condition precedent to the commencement of a lawsuit."). The

court recognizes that the citation of unpublished dispositions by the Tenth Circuit remains unfavored and that this particular decision addresses the statute of limitations of another state. Nonetheless, in light of the dearth of reported decisions with respect to whether ongoing litigation is sufficient to toll a statute of limitations, the court finds this opinion relevant to the court's analysis on this issue.

6. The charge-filing requirement of the ADEA reads:
    No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—
    (1) within 180 days after the alleged unlawful practice has occurred; or

not file a charge of discrimination with the EEOC.[7]

not file a charge of discrimination with the EEOC.[7] Thus, plaintiff's ADEA claim must be dismissed. *See, e.g., Collins v. Old Republic Title Co.,* No. 96–2246–GTV, 1996 WL 439295, at *3–4 (D.Kan. July 10, 1996) (dismissing plaintiff's ADEA claim where plaintiff failed to file a charge of discrimination with either the EEOC or the KHRC).

Moreover, plaintiff cannot cure this defect because his retaliation claim is barred by the applicable statute of limitations. A plaintiff in a deferral state such as Kansas must file a complaint with the EEOC within 300 days of the alleged discriminatory acts. *Aronson,* 961 F.2d at 911 (Citing 29 U.S.C. § 626(d)(2)); *Veale v. Sprint Corp.,* No. 95–2379–GTV, 1997 WL 49114, at *5–6 (D.Kan. Feb.3, 1997) (dismissing ADEA demotion claim filed outside 300-day time period as untimely). In his complaint, plaintiff alleges that defendant retaliated against him by deducting federal income taxes from the settlement checks and by sending him a W–2 form. These actions took place in 1990 and 1991, respectively. On its face, the complaint manifests that at least six years have elapsed since the alleged retaliatory acts. Accordingly, plaintiff's ADEA retaliation claim is barred by the statute of limitations. Defendant's motion for summary judgment is granted with respect to plaintiff's retaliation claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (Doc. # 5) is granted and the case is dismissed with prejudice in its entirety.

**IT IS SO ORDERED.**

---

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.

29 U.S.C. § 626(d).

7. According to plaintiff, he did not file a charge with the EEOC because he did not construe his retaliation claim as an ADEA claim. In his Complaint, however, plaintiff explicitly states that defendant's actions were "in retaliation for winning an Age Discrimination and [sic] Employment suit against them." In the absence of any facts suggesting otherwise, the court construes this claim as an ADEA retaliation claim. *See* 29 U.S.C. § 623(d) ("It shall be unlawful for an employer to discriminate against any of his employees ... because such individual ... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.")