(820 P.2d 1251)

No. 65,974

STATE OF KANSAS, *Appellee,* v. PHILLIP TURNER, *Appellant.*

Opinion filed November 22, 1991.

*Sarah E. McKinnon,* legal intern, of Washburn Legal Clinic, *Rebecca E. Woodman,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Martin L. Miller*, assistant district attorney, *Gerald E. Wells*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before PIERRON, P.J., LARSON and LEWIS, JJ.

LARSON, J: Phillip Turner appeals his jury conviction for aggravated assault, contending the evidence was insufficient, the trial court abused its discretion by failing to assign him to community corrections, and the sentence imposed was the result of partiality, prejudice, and corrupt motive.

On August 15, 1989, Jeffrey Gardner, a resident in a boarding house in Lawrence, Kansas, heard an argument, screaming and hollering coming from Turner's room located directly below his. Gardner went downstairs to ask Turner to quiet down. Gardner spoke about the noise with Turner's wife, Lana Robb, whom he met as she was coming out of their room. Robb said she would take care of the noise when she returned.

Gardner went back upstairs to his room and again heard screaming and arguing from Turner's room. Gardner again went downstairs to talk to Turner about the noise. Through the open door of Turner's room, Gardner saw Turner, who appeared to be intoxicated, in the middle of the room swinging a piece of pipe. Gardner thought Turner was going to hit Robb with the pipe.

Gardner approached Turner, stood at the threshold of the doorway, and asked him to put down the pipe. After some hesitation, Turner put the pipe down, but in the next instant he crossed to the other side of the room, grabbed a large utility knife from a shelf next to the door, verbally threatened Gardner, and lunged at him. Feeling afraid of being stabbed and concerned for his safety, Gardner retreated from the doorway and called the police.

Turner was arrested and charged with aggravated assault. He was convicted of that charge by a jury. He was sentenced to 2 to 10 years and his request for probation was denied. The trial court later denied Turner's motion to modify and his request to be sent to community corrections. Turner appeals.

*Was the evidence produced at trial sufficient to sustain the conviction?*

The standard of review for sufficiency of the evidence in a criminal case is set forth in *State v. Graham*, 247 Kan. 388, 398, 799 P.2d 1003 (1990):

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."

"[I]t is not the function of the appellate courts to weigh conflicting evidence, to pass on the credibility of witnesses, or to redetermine questions of fact. The reviewing court is concerned only with the evidence that supports the trial court's findings, not with evidence that might have supported contrary findings." *State v. Knetzer*, 3 Kan. App. 2d 673, 674, 600 P.2d 160 (1979).

"[I]f the essential elements of the charge are sustained by any competent evidence the conviction must stand." *State v. Burton*, 235 Kan. 472, Syl. ¶ 2, 681 P.2d 646 (1984).

To find Turner guilty of aggravated assault required proof (1) that he intentionally threatened bodily harm to Gardner; (2) that he had the apparent ability to cause such harm; (3) that his conduct resulted in Gardner being in immediate apprehension of bodily harm; (4) that he used a deadly weapon; and (5) that this act occurred on or about August 15, 1989, in Douglas County, Kansas. K.S.A. 21-3408; K.S.A. 21-3410(a); PIK Crim. 2d 56.14.

The State through the testimony of Gardner presented competent evidence in support of each element of the charge. Gardner testified that on the date and at the place alleged, Turner intentionally threatened him with bodily harm by lunging at him with a kitchen knife. Gardner believed Turner had the ability to reach him with the knife, which made him afraid and convinced that he was going to be stabbed. The knife was admitted into evidence.

Although Turner and his wife both testified and recounted different versions, the jury weighed the testimony of all witnesses and, after deliberation, found Turner guilty of aggravated assault. Our review of the evidence shows that a rational factfinder was clearly justified in making this finding. Turner's conviction of aggravated assault is affirmed.

*Was the sentence imposed the result of the trial court's partiality, prejudice, or corrupt motive?*

The standard of review has been stated in *State v. Doile*, 244 Kan. 493, 503-04, 769 P.2d 666 (1989):

"A sentence imposed by the trial court will not be disturbed on the ground it is excessive, provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, oppression, or corrupt motive. [Citations omitted.]"

"It is the sentencing judge alone who determines the appropriate sentence or other disposition in each case, not the appellate judges." *State v. Heywood*, 245 Kan. 615, 617, 783 P.2d 890 (1989). Turner must "show vindictive or retaliatory motives, or that judicial discretion was abused, to successfully attack the penalty imposed." *State v. Coberly*, 233 Kan. 100, 110, 661 P.2d 383 (1983). The sentence was within the statutory limits but did exceed the minimum. K.S.A. 21-3410; K.S.A. 21-4501(d)(1). " '[W]hen the sentence exceeds the minimum, it is better practice for the trial court to make, as part of the record, a detailed statement of the facts and factors considered by the court in imposing sentence.' " *State v. Harrold*, 239 Kan. 645, 650, 722 P.2d 563 (1986).

In support of his contention that the sentence imposed was a result of the trial court's partiality, prejudice, and corrupt motive, Turner focuses upon a particular comment made by the trial court during sentencing: "You are just kind of a nuisance in the community; and from the aspects of this crime, you are getting to be a dangerous nuisance in the community."

This comment was part of a much longer statement made by the trial court while reviewing Turner's background and present situation. It does not establish partiality, prejudice, or corrupt motive or show an excessive punishment. See *State v. Adams*, 242 Kan. 20, 27-28, 744 P.2d 833 (1987) (comment by trial court at sentencing regarding the defendant's crime of involuntary manslaughter did not establish prejudice).

*Did the trial court abuse its discretion by not assigning Turner to community corrections?*

Although Turner was a first-time felony offender, because he was found guilty of an article 34, chapter 21 crime, he was in-

eligible for the benefits of K.S.A. 1989 Supp. 21-4606a, which states:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class D or E felony or convicted of an attempt to commit a class D felony shall be probation, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated or the crime is a felony violation of K.S.A. 65-4127b, and amendments thereto, which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. If the presumptive sentence provided by this section is not imposed, the provisions of K.S.A. 1989 Supp. 21-4606b shall apply."

Once it was determined that the statutory presumption of probation did not exist it was necessary to determine whether the presumptive sentence of assignment to community corrections applied pursuant to K.S.A. 1989 Supp. 21-4606b, which states:

"(1) If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines.

"(2) In determining whether to impose the presumptive sentence provided by this section, the court shall consider whether any of the following aggravating circumstances existed:

"(a) Whether the crime is a felony violation of K.S.A. 65-4127b and amendments thereto which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances;

"(b) whether the crime is a crime specified in article 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated; or

"(c) any prior record of the person's having been convicted of a felony or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

Our court held in *State v. Atwell*, 14 Kan. App. 2d 752, 754, 798 P.2d 517 (1990), that when the presumption of probation in 21-4606a is overcome, the trial court then must consider the presumption of community corrections placement in 21-4606b.

When the crime is a violation of article 34, 35, or 36 of chapter 21, the test applicable to a first-time felon convicted of a class D or E felony (Turner) differs depending upon whether the pre-

sumption is probation, 21-4606a, or whether the presumption is assignment to community corrections, 21-4606b.

The wording of 21-4606a clearly states: "The presumptive sentence . . . shall be probation, *unless* the conviction is of a crime specified in article 34." (Emphasis added.) Paragraph (1) of 21-4606b makes assignment to community corrections the presumptive sentence for first-time class D or E felons, but then states in paragraph (2):

"In determining whether to impose the presumptive sentence provided by this section, the court shall consider whether any of the following *aggravating circumstances* existed:

. . . .

"(b) whether the crime is a crime specified in article 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated." (Emphasis added.)

The conjunctive "unless" acts to exclude the presumption in 21-4606a, while under 21-4606b the fact Turner's crime was an article 34, chapter 21, violation is to be considered as "aggravating circumstances" in the imposition of a sentence to community corrections.

Turner cites two 21-4606a cases, *State v. Tittes*, 245 Kan. 708, 784 P.2d 359 (1989), and *State v. Linsin*, 10 Kan. App. 2d 681, 709 P.2d 988 (1985), which held the statutory presumption could only be overcome by the trial court following the sentencing objectives of K.S.A. 21-4601 and including in the record the additional sentencing factors of K.S.A. 21-4606. Turner contends these cases apply to 21-4606b even though the Kansas courts have not in any previously published case said so. We believe that Turner is correct in his contention. We hold that when considering whether the presumptive sentence of assignment to community corrections is overcome, the trial court must consider the "aggravating circumstances" mentioned in K.S.A. 1989 Supp. 21-4606b(2)(a), (b), and (c) and must also consider the requirements of individualized treatment mandated by K.S.A. 21-4601 as well as the criteria and factors of K.S.A. 21-4606.

We hold the trial court made the required considerations in this instance. The trial court had the benefit of a presentence investigation report, knew Turner had no prior felony convictions, and knew that the crime involved was specifically mentioned by 21-4606b(2)(b). Although 21-4601 and 21-4606 were not specifi-

cally cited, the trial court sentenced Turner in accordance with his individual characteristics, circumstances, needs, and potentialities. Before Turner was sentenced, the trial court stated: "I understand that when I sentence [the defendant], it is going to be on the basis of this offense, but I want to know everything about him or as much as I can know about him to get the proper sentence, bad or good."

The trial court had before it all the information necessary to apply the factors of K.S.A. 21-4606 that were applicable to Turner's situation. The PSI report set forth Turner's history of prior criminal activity. The sentencing judge had presided at the jury trial and was able to consider whether Turner intended that his criminal conduct would cause or threaten serious harm, consider the degree of Turner's provocation, consider whether there were substantial grounds tending to excuse or justify his criminal conduct, and consider whether the victim of the criminal conduct induced or facilitated its commission.

Turner's counsel specifically requested on three different occasions during argument on the motion to modify, which was heard after the SRDC evaluation was received, that the trial court assign Turner to a community corrections program. The trial court in response to this specific request stated: "I think the reports that I have received, counsel, and having heard the evidence at trial, I believe that the best interests of society, and for that matter, Mr. Turner, are served with him being where he is. Motion is denied."

The SRDC report recommended that Turner remain incarcerated. The trial court knew that Turner had been arrested for disorderly conduct while out on bond prior to the sentencing hearing. Turner's bond was revoked and he was remanded into custody because he violated a condition of his bond that he not drink alcoholic beverages.

The standard of our review is whether the trial court abused its discretion. *State v. Crichton*, 13 Kan. App. 2d 213, 217, 766 P.2d 832 (1988), *rev. denied* 244 Kan. 739 (1989). In this case, there are sufficient aggravating circumstances to preclude the presumptive sentence of assignment to community corrections. The trial court made a thoughtful and complete analysis of the effect of Turner's actions upon himself and his family, plus the

effect upon the community safety. The trial court considered the necessary statutory factors, considered the required presumptions, and did not abuse its discretion by not assigning Turner to community corrections.

Affirmed.

Opinion (*In re* Tax Appeal of Cessna Aircraft Co.,
on pages 229-236 withdrawn from publication.

Appeal dismissed without prejudice March 5, 1992.