No. 65,671

Roger E. Slayden, *Appellant*, v. Jennifer S. Sixta, *Appellee*.

(825 P.2d 119)

Opinion filed January 17, 1992.

*Alan V. Johnson*, of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, argued the cause, and *David W. White*, of the same firm, was with him on the brief for appellant.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Leonard R. Frischer*, of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Roger E. Slayden was a passenger in an automobile that was struck by a car driven by Jennifer S. Sixta. Slayden sued Sixta to recover damages for injuries he sustained in the accident. Slayden did not obtain service on Sixta until 97 days after the action had been filed. The trial court held Slayden's action was barred by the two-year limitation of K.S.A. 1990 Supp. 60-513(a)(4) and dismissed his petition. The Court of Appeals affirmed, rejecting Slayden's assertions that (1) the two-year limitation was tolled under K.S.A. 60-517 by the absence of Sixta from the state, and (2) the 90-day relation back period to obtain service under K.S.A. 1990 Supp. 60-203 was extended by the "unique circumstances" doctrine of *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988). We granted Slayden's petition for review.

On October 25, 1987, Roger Slayden was injured when the car in which he was a passenger was struck by a car driven by Jennifer Sixta. At that time, Sixta was a resident of Kansas and lived at 4907 West 71st Terrace in Prairie Village, Kansas. In April 1988, Sixta moved from Prairie Village to St. Charles, Missouri. Although Sixta's insurance carrier knew she had moved, it did not inform Slayden's counsel. Slayden's attorney negotiated with Sixta's insurance company, State Farm Insurance, for nearly two years. During that period, Slayden's counsel had more than 12 contacts by phone and by letter with Sixta's insurance carrier but never inquired of Sixta's address.

Under the statute of limitations, K.S.A. 1990 Supp. 60-513, Slayden was required to file suit within two years from the date of the accident. On October 25, 1989, exactly two years after the accident, Slayden filed this action. The petition alleged that Sixta was a resident of Prairie Village, Kansas, and summons was issued for service at 4907 West 71st Terrace in Prairie Village, Kansas. On November 7, 1989, this summons was returned, unserved, with the notation that Sixta had "[m]oved; somewhere in St. Louis." As noted, Sixta had moved in April 1988.

On the date the original summons was returned unserved, Slayden's counsel ordered a "post office tracer" seeking the correct address. On November 13, 1989, the post office tracer was returned indicating Sixta's correct address to be 2278 North Vil-

lage Drive, St. Charles, Missouri. On December 6, 1989, 23 days after obtaining Sixta's correct address, plaintiff procured the issuance of an alias summons. The summons was issued by the district court clerk's office with the incorrect address of "1178 North Village Drive." Slayden's attorney was not aware of the clerk's mistake until January 16, 1990, when the summons was returned, unserved, indicating there was no such address on North Village Drive. On January 23, 1990, 90 days after the petition was filed, a new alias summons was issued bearing Sixta's correct address. On January 30, 1990, 97 days after the petition had been filed, personal service was obtained.

Sixta filed a motion to dismiss the action on grounds the action was commenced beyond the two-year period of limitations. This motion was granted by the trial court. Slayden filed a motion for reconsideration. The trial court denied the motion, holding (1) the statute of limitations was not tolled by K.S.A. 60-517 because the plaintiff, in the exercise of due diligence, should have known of the defendant's whereabouts; (2) the "unique circumstances doctrine of *Schroeder v. Urban*, 242 Kan. 710, applies only to enlargement of jurisdictional time limits to file an appeal and, further, Slayden had time before the expiration of the original 90-day period to obtain a 30-day extension under K.S.A. 1990 Supp. 60-203; and (3) *Read v. Miller*, 14 Kan. App. 2d 274, 788 P.2d 883, *aff'd* 247 Kan. 557, 802 P.2d 528 (1990), prevented a district court from granting an additional 30 days for service of process pursuant to K.S.A. 1990 Supp. 60-203 after the original 90-day period has expired. Slayden appealed.

When affirming the district court, the Court of Appeals noted a defendant is not "absent" from the state under K.S.A. 60-517 unless plaintiff does not know defendant's whereabouts and plaintiff cannot with due diligence determine those whereabouts. At all times relevant, the Court of Appeals found, Sixta's whereabouts were discoverable with the exercise of a minimum of effort. Thus, Sixta was not "absent" within the meaning of the statute and the statute of limitations was not tolled by K.S.A. 60-517. The court stated the "unique circumstances doctrine," set out in *Schroeder v. Urban*, applies to appeals which are otherwise untimely, and requires reliance on "judicial action" rather than on a clerical mistake by a clerk of the district court. The Court of

Appeals reasoned that because Slayden's case is factually different the doctrine did not apply and the court declined to extend the doctrine. The Court of Appeals asserted the unique circumstances doctrine should be applied only where it is the sole remedy available to the party who has relied on a court's action. Here, it found, Slayden could have and should have applied for a 30-day extension under K.S.A. 1990 Supp. 60-203 but failed to do so. Because this relief was available, the court held the circumstances were not unique and the doctrine did not apply.

K.S.A. 60-517 provides:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter."

K.S.A. 1990 Supp. 60-203 states:

"(a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained . . . within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process . . . if service of process . . . is not made within the time specified by provision (1)."

The statute of limitations is an affirmative defense and the burden of pleading and proving its applicability rests on the defendant. However, the burden of proving facts sufficient to toll the statute of limitations is upon the plaintiff. A plaintiff does not sustain the burden of proving facts sufficient to toll the statute of limitations by demonstrating merely that a defendant was physically absent from the state. It must also be shown that defendant's whereabouts while outside the state were unknown and that service of process could not have been effected under K.S.A. 60-301 et seq. during such absence. There is neither "absence" nor "concealment" as those terms are used in K.S.A. 60-517 if the whereabouts of the defendant are known and service of summons can

be perfected under K.S.A. 60-301 *et seq. Gideon v. Gates*, 5 Kan. App. 2d 23, 611 P.2d 166, rev. denied 228 Kan. 806 (1980).

Slayden filed suit on October 25, 1989, but Sixta was not served until January 30, 1990, some 97 days later. Thus, under K.S.A. 1990 Supp. 60-203, without an extension of time by the trial court, service was not obtained within 90 days of the filing of the petition—beyond the two-year limitation of K.S.A. 1990 Supp. 60-513. Unless the statute of limitations was tolled by 60-517 or there are circumstances which would override the effect of the running of the statute of limitations, Slayden's claim is time barred.

In *Read v. Miller*, 247 Kan. 557, 802 P.2d 528 (1990), a case relied on by the trial court in barring plaintiff's action here, plaintiff and defendant were involved in an automobile accident on September 20, 1986. Exactly two years later, on the day the statute of limitations expired (K.S.A. 1990 Supp. 60-513[a][4]), plaintiff filed her action in Wyandotte County. Summons listed defendant's address as "Rural Route 2 Box 61 V, Bonner Springs, Kansas," and was returned on September 21, 1988, marked "No Service" with a typed notation at the bottom, "need a street address for service in Wyandotte County."

A second summons was issued September 29, 1988, with added address instructions: "West on 32 Highway from Bonner Springs Stop Light approximately 5 miles to gravel road. Go south approximately 1½ miles, House on left side of road, name on mailbox." The second summons was returned on October 3, 1988, marked "No Service" with a typed notation: "unable to serve at above address, per Bonner Spring Fire Dept it is located in Tanglewood, which is in LEAVENWORTH COUNTY, KANSAS."

On January 13, 1989, 115 days after filing her action, plaintiff obtained a third summons which was successfully served by the sheriff of Leavenworth County on January 17, 1989. The next day, plaintiff filed a motion for enlargement of time to serve defendant, which was granted by the trial judge. The trial court found the extension could be granted independent of K.S.A. 1990 Supp. 60-203(a) under the provisions of K.S.A. 1990 Supp. 60-206(b)(2), which states:

"When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time,

the judge for cause shown may at any time in the judge's discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

A majority of this court disagreed with the trial court holding that K.S.A. 1990 Supp. 60-203(a) contains specific provisions for an extension of time for service of process which control general provisions for enlargement of time found in K.S.A. 1990 Supp. 60-206(b). Citing the clear and settled meaning of the language used in 60-203(a), the lack of legislative history to the contrary, and existing case law rules, the court held that an extension of time for the period in which service of process will relate back to the date an action is filed must be sought and granted prior to the expiration of the original 90-day period provided by 60-203(a).

The dissent in *Read* observed that 60-206(b) expressly provided that the court, in its discretion, may order an extension even after the expiration of a specified time period, but only for "cause shown" and if the failure to act in a timely fashion was the result of excusable neglect. Excusable neglect requires a demonstration of good faith on the part of the parties seeking an enlargement and some reasonable basis for noncompliance within the time specified in the statute. The dissent noted there are specific statutory prohibitions against the granting of an enlargement of time contained in 60-206(b) and that an extension under 60-203 was not one of the specific prohibitions. Although this writer wrote the dissent in *Read*, it is recognized the majority's holding that an extension of time for service of process must be sought and granted prior to the expiration of the original 90-day period provided by K.S.A. 1990 Supp. 60-203 controls.

As to whether the unique circumstances of a clerk's error in addressing the summons should extend the 30-day limitation of K.S.A. 1990 Supp. 60-203, the Court of Appeals in this case held that *Schroeder v. Urban*, 242 Kan. 710, which adopted the "unique circumstances doctrine," was factually different from this case. The court stated the doctrine itself applies to appeals which are otherwise untimely, and requires reliance on "judicial action" taken prior to the expiration of the time to appeal. Because this was not the situation, the court held the doctrine did not apply and declined to extend the doctrine to the facts of this case. The

Court of Appeals further stated the unique circumstances doctrine should be applied only where it is the sole remedy available to the party who has relied on a judge's action. It asserted Slayden could have and should have applied for a 30-day extension but failed to do so. Because relief had been available, the Court of Appeals held the circumstances were not unique and the doctrine does not apply.

In *Schroeder v. Urban*, the district court entered judgment against the Urbans. The attorney who represented the Urbans at trial notified them of the judgment and also declined to represent them on any appeal. On March 23, 1987, 28 days after the entry of judgment, the trial judge granted the defendants an additional 30 days to take their appeal. The ruling was made during a conference call between the judge and counsel for both plaintiffs and defendants and was journalized on the same day. Within the 30-day extension, the Urbans secured new counsel and on April 22, 1987, filed their notice of appeal. On July 16, 1987, the Court of Appeals dismissed the appeal for lack of jurisdiction.

In reviewing the dismissal by the Court of Appeals, the majority noted at the time the United States Supreme Court decided the case of *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 9 L. Ed. 2d 261, 83 S. Ct. 283 (1962), Fed R. Civ. Proc. 73(a) was in effect. That rule permitted an extension of time for taking an appeal only "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment"—language identical to that of K.S.A. 1990 Supp. 60-2103(a). The facts in *Harris* were that, within the 30-day time period for taking an appeal, counsel moved for an additional 14 days, the extension was granted by the trial court, and the notice of appeal was filed on the 14th day but after the expiration of the 30-day statutory period. The Court of Appeals for the 7th Circuit dismissed the appeal. The United States Supreme Court reversed, stating:

"In view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' *prior* to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of unique circum-

stances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." 371 U.S. at 217.

The majority in *Schroeder v. Urban* held that, in the interest of justice, an appeal which is otherwise untimely may be maintained in unique circumstances if (1) the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended.

In this case, we note that 40` of the 97 days which passed between the filing of Slayden's petition and service upon Sixta are due directly to the error of the clerk of the district court in issuing the first alias summons with the wrong address.

In the federal courts, "unique circumstances," although limited to appeals, has proven to be an elastic concept. The doctrine seems to require a demonstration of good faith on the part of the party seeking an enlargement of time to appeal and a reasonable basis for noncompliance within the time specified by the rules. The same concept should guide this court when applying the doctrine.

In determining whether to expand the unique circumstances doctrine further, we are forced to balance the K.S.A. 1990 Supp. 60-513 limitation for filing the action, the requirement of K.S.A. 1990 Supp. 60-203(a) that service of process be obtained within 90 days after a petition is filed, and the policy to provide litigants their day in court. A timely filing, service of process, and a just adjudication on the merits of the action is what our legislature intended by adopting the Code of Civil Procedure. If we determine that a clerk of the district court who addresses the summons is acting on behalf of the litigant, Slayden's service was not timely and he has forfeited his right to litigate. If the clerk is acting on behalf of the court, Slayden should not be charged with the delay caused by the clerk's error in addressing the summons.

Our legislature did not intend that an error by a clerk of the district court when addressing a summons should deprive a litigant of the right to an adjudication of the issues on the merits. We find under the unique circumstances of this case that the 40-

day delay in serving the summons caused by the clerk of the district court should not be charged to the plaintiff. Service of summons on the defendant was within the 90-day limit of K.S.A. 1990 Supp. 60-203.

The decisions of the district court and the Court of Appeals are reversed and the matter is remanded to the district court for further action.

ABBOTT, J., not participating.

■ TERRY L. BULLOCK, District Judge, assigned.