No. 73,528

In the Matter of the Appeal of Sumner County from an Order of the Board of Tax Appeals Regarding the Application of Boeing Military Airplanes for Relief from a Tax Grievance in Sumner County, Kansas.

930 P.2d 1385

Opinion filed January 24, 1997.

*Eric F. Melgren*, of Foulston & Siefkin L.L.P., of Wichita, argued the cause and was on the briefs for appellant Boeing Military Airplanes.

*Linda A. Terrill*, of Neill, Scott, Terrill & Embree, L.L.C., of Overland Park, argued the cause and was on the briefs for appellee Sumner County.

The opinion of the court was delivered by

LOCKETT, J.: Boeing Military Airplanes (Boeing) seeks review of the Court of Appeals' application of the doctrine of "unique cir-

cumstances" to excuse Sumner County's (the County) untimely filed petition for reconsideration of an order of the Board of Tax Appeals (BOTA). The County failed to file the petition for reconsideration within 15 days after service of the BOTA order as required by statute. The "unique circumstances" found by the Court of Appeals derives from a statement in BOTA's original order that its regulation allowed the County 30 days after certification date of its order to file a petition for reconsideration. We granted Boeing's petition for review.

We first review the complex procedural history of this case in detail. In 1989, Boeing filed a tax grievance with the Sumner County Appraiser's office. The grievance was forwarded to BOTA on May 1, 1990. BOTA granted relief to Boeing and mailed an order to the County on July 30, 1990, with a cover letter. BOTA's order erroneously stated that any petition for reconsideration had to be filed with BOTA within 30 days of July 30, 1990, the certification date of its order.

The BOTA statement was based upon a 1981 administrative regulation adopted by BOTA, K.A.R. 94-2-11(a), which provides: "[A]ny party wishing reconsideration of an order issued by the board, shall within 30 days after the issuance of the order file a motion for rehearing." This 1981 regulation conflicts with K.S.A. 1995 Supp. 77-529(a) and K.S.A. 74-2426(b), which have governed the appellate rights of parties appearing before BOTA since July 1, 1989. These statutes provide that a petition for reconsideration of a final order by BOTA must be filed within 15 days after service of the order.

On August 27, 1990, the County filed its petition for reconsideration with BOTA. BOTA granted the petition on September 4, 1990. Boeing objected to BOTA's grant of rehearing, claiming that BOTA was without jurisdiction to consider the County's petition for reconsideration because the petition was not filed within 15 days of the certification of an order as required by K.S.A. 1995 Supp. 77-529(a) and K.S.A. 74-2426(b). The County argued to BOTA that it had relied upon BOTA's statement in its July 30, 1990, order that pursuant to BOTA's regulation, the County had 30 days to file its petition for reconsideration.

On October 2, 1992, based upon a Court of Appeals' decision in *Appeal of Cessna Aircraft Co.*, which was subsequently withdrawn by the court (see 16 Kan. App. 2d 229) and which we will discuss later, BOTA found that K.S.A. 74-2426(b) and K.S.A. 77-529(a) required the County to file its request for reconsideration within 15 days. BOTA observed that the 15-day statutory filing requirement was jurisdictional. Since the County had filed its request 28 days after the July 30 order, BOTA found the County's motion was untimely and that it had no jurisdiction to reconsider the matter. BOTA denied the County's request for a rehearing and dismissed the appeal.

The County appealed the propriety of BOTA's October 2, 1992, order dismissing its petition for reconsideration on jurisdictional grounds as well as BOTA's July 30, 1990, order granting tax relief to Boeing to the district court pursuant to the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq*. The district court reversed BOTA, finding that BOTA's order granting tax relief failed to comply with various provisions of the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq*. The district court vacated BOTA's order of dismissal and remanded the case to BOTA.

Boeing appealed the district court's decision to the Court of Appeals. The single issue raised by Boeing was whether the failure of the County to petition for reconsideration of BOTA's order within 15 days, as required by K.S.A. 1995 Supp. 77-529(a) and K.S.A. 74-2426(b), deprived BOTA of jurisdiction to reconsider and the appellate courts of jurisdiction to review BOTA's order.

In an unpublished opinion, the Court of Appeals noted that the County's petition for reconsideration was filed beyond the 15-day limit prescribed by K.S.A. 1995 Supp. 77-529(a) and K.S.A. 74-2426(b). However, even though the County had not raised the issue, the Court of Appeals observed *sua sponte* that an appeal which is otherwise untimely may be maintained in unique circumstances in the interests of justice. The Court of Appeals then proceeded *sua sponte* and found that the County's late filing of its motion for reconsideration with BOTA was excused by the doctrine

of "unique circumstances" adopted in *Schroeder v. Urban*, 242 Kan. 710, 713-14, 750 P.2d 405 (1988).

The unique circumstances relied upon by the Court of Appeals was the statement in BOTA's July order that erroneously informed the County that it had 30 days to file a petition for reconsideration. The Court of Appeals concluded that although the appeal involved an administrative proceeding before BOTA, unique circumstances existed that were similar to those in *Schroeder* in that the County had relied upon the BOTA order when it filed its motion for reconsideration outside the statutory time limit. In *Schroeder*, this court held that the unique circumstances doctrine applied to save an otherwise untimely appeal where the district court had granted a 30-day extension within the statutory period for filing an appeal.

Boeing next petitioned this court for review, asserting that the Court of Appeals' application of the unique circumstances doctrine was erroneous. Boeing's petition was granted because the Court of Appeals action in this case conflicted with an earlier opinion of another panel, *Appeal of Cessna Aircraft Co.* Because the issues in the *Cessna* appeal are relevant to the matter before us, we will discuss *Cessna* in some detail.

*Cessna* involved an appeal to the district court of BOTA's March 9, 1990, order affirming Sedgwick County's valuation of Cessna's personal property inventory for ad valorem tax purposes. In its order, BOTA advised the parties that any aggrieved party could file a written request for a hearing and such "request must be received by the Board within thirty (30) days of the certification date of the order," or the order "will become a final order from which no further appeal is available." On April 4, 1991, the 26th day, Cessna filed a written request for rehearing, which BOTA denied. Cessna appealed, and the district court affirmed BOTA. Cessna then appealed to the Court of Appeals. The issue of jurisdiction was not raised at the rehearing by BOTA or in the district court.

Prior to oral argument, the Court of Appeals noted that the Kansas statutes creating Cessna's right to appeal provided that the petition for reconsideration must be filed within 15 days in order to preserve the right to administrative or judicial review. The Court

of Appeals questioned the jurisdiction of the district court, observing that the record suggested that Cessna's petition for reconsideration of the BOTA order may have been filed out of time. The Court of Appeals requested the parties respond to the jurisdictional issue. At oral argument, the parties argued the jurisdiction issue as well as the merits of the case.

The Court of Appeals concluded that even though Cessna had relied upon BOTA's statement that its order for reconsideration could be filed in 30 days, the unique circumstances doctrine did not save Cessna's untimely appeal of BOTA's order. The Court of Appeals determined that because Cessna's petition for rehearing had not been filed within 15 days after service of the order, the district court lacked jurisdiction to consider the Cessna appeal. It remanded the action to the district court with directions to dismiss the appeal.

On December 6, 1991, Cessna filed a motion for rehearing with the Court of Appeals. Cessna contended that the Court of Appeals' dismissal of an appeal of a party which followed an agency's procedural instructions was unnecessarily harsh. Cessna argued that BOTA had addressed the exhaustion/finality issue in K.A.R. 94-2-11(a), as well as in the order it entered in the case, by allowing 30 days to file a petition for rehearing and providing that the preliminary order would not become final until after the expiration of that 30 days. Cessna stated that these rules and practices by BOTA continued for approximately 1 year after 74-2426(b) was amended to reference 77-529 and its 15-day rule. Cessna stated that, during that time, according to BOTA's public records (of which this court may take judicial notice), nearly 3,400 orders were issued allowing 30 days to petition for reconsideration. Over 100 petitions for reconsideration were filed, approximately half of which were granted, and BOTA's records indicated that substantially all petitions would be untimely and invalid under the court's ruling in the *Cessna* case. Cessna asserted it was not fair or reasonable to conclude that the BOTA procedures were so obviously void that no reasonable person could rely on them, when in fact hundreds of attorneys on both sides of these cases and the entire Board of Tax Appeals and its attorneys consistently had missed the issue for nearly a year. Based

upon these facts, Cessna requested that the Court of Appeals reconsider its prior ruling.

On December 10, 1991, Cessna filed a supplemental authority to support its motion for rehearing and modification. Cessna asserted that because K.S.A. 77-507a provided that the KAPA did not take effect until July 1, 1989, the Act did not govern BOTA's adjudicative proceedings. Rather, its appeal was governed by the 30-day limit set by BOTA's regulation. Based on this information, the Court of Appeals withdrew its opinion and stated it would decide the merits of the appeal. Prior to a decision on the merits, the parties dismissed the appeal. Although the *Cessna* case was subsequently withdrawn by the Court of Appeals, it now erroneously appears in the Pacific Reporter at 821 P.2d 328 (1991), without notation of withdrawal.

With this background, we turn to the appeal before us. K.S.A. 1995 Supp. 77-529(a) provides in part:

"Any party, within 15 days after service of a final order, may file a petition for reconsideration with the agency head, stating the specific grounds upon which relief is requested. The filing of the petition is not a prerequisite for seeking administrative or judicial review except as provided in . . . K.S.A. 74-2426, and amendments thereto concerning orders of the board of tax appeals."

In turn, K.S.A. 74-2426(b) states:

"No final order of the [BOTA] shall be subject to review pursuant to subsection (c) unless the aggrieved party files a petition for reconsideration of that order with the board in accordance with the provisions of K.S.A. 77-529 and amendments thereto."

Clearly, Sumner County had 15 days to file a petition for reconsideration and it did not file a timely petition.

The right to appeal (including the right to further consideration of an administrative agency's order) is " 'neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature . . . in any manner, or it may be withdrawn completely.' " *In re K-Mart Corp.*, 232 Kan. 387, 390, 654 P.2d 470 (1982) (quoting *In re Lakeview Gardens, Inc.*, 227 Kan. 161, Syl. ¶ 7, 605 P.2d 576 [1980]). A timely filed motion for reconsideration is a prerequisite for seeking administrative or judicial re-

view of an action by BOTA. Generally, we have stated that the time for taking an administrative appeal as prescribed by statute is jurisdictional, and any delay beyond the statutory time limit is fatal. *W.S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, Syl. ¶ 1, 740 P.2d 585 (1987). Failure to seek timely reconsideration deprives an administrative body of jurisdiction for further administrative review of the case, just as it deprives courts of jurisdiction for judicial review. Finally, the general rule of law is that an administrative rule or regulation which goes beyond that which the legislature has authorized, or which violates the statute, is void. *Lakeview Village, Inc., v. Board of Johnson County Comm'rs*, 232 Kan. 711, Syl. ¶ 7, 659 P.2d 187 (1983). The question now is whether the unique circumstances doctrine should be applied to this administrative agency's action to save an otherwise untimely appeal.

The unique circumstances doctrine is discussed in 4A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1168 (1987), as follows:

"When employed in the context of an untimely appeal, the unique circumstances concept is based on a theory similar to estoppel. The [United States] Supreme Court seems to have concluded that a party ought not be denied an opportunity to appeal because of his failure to file a timely appeal when that failure resulted from reliance on action taken by the district court that generated a reasonable belief that an appeal could be initiated at a later date."

The District of Columbia Court of Appeals clearly and concisely explained the unique circumstances doctrine in *Aviation Enterprises, Inc. v. Orr*, 716 F.2d 1403, 1406 n.25 (D.C. Cir. 1983):

"Courts long have permitted parties to maintain otherwise untimely appeals in 'unique circumstances'—those in which the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period, provided that the court's action occurs prior to expiration of the official period and that the appellant files a notice of appeal before expiration of the period apparently judicially extended."

The application of the doctrine of unique circumstances was first adopted by this court in *Schroeder v. Urban*, 242 Kan. 710. In *Schroeder*, the district court entered a civil judgment against the Urbans. The Urbans had 30 days to perfect an appeal. Twenty-

eight days after judgment and after the Urbans' attorney declined to represent them on an appeal, the district court granted the Urbans an additional 30 days to file an appeal. The district court's ruling extending the appeal time was made during a conference call between the judge, defendants, and counsel for plaintiffs and was journalized the same day. At that time, the Urbans were snowbound in their rural home. The Urbans secured new counsel and filed their appeal beyond 30 days after judgment but within the 30-day extension for filing the notice of appeal granted by the district judge. The Court of Appeals dismissed the Urbans' appeal for lack of jurisdiction due to the Urbans' untimely filing. This court granted the Urbans' petition for review.

The *Schroeder* court reviewed the federal courts' application of the unique circumstances doctrine and held that in the interests of justice, an appeal which is otherwise untimely may be maintained in unique circumstances if (1) an appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended. 242 Kan. 710, Syl.

The unique circumstances doctrine was expanded in *Slayden v. Sixta*, 250 Kan. 23, 825 P.2d 119 (1992). Roger Slayden was a passenger in an automobile that was struck by a car driven by Jennifer Sixta. Under the applicable statute of limitations, K.S.A. 1990 Supp. 60-513, Slayden was required to file an action within 2 years from the date of the accident to recover damages for injuries he sustained in the accident. On October 25, 1989, exactly 2 years after the accident, Slayden filed the action. The petition alleged that Sixta was a resident of Prairie Village, Kansas, and summons was issued for service at Sixta's address in Prairie Village, Kansas. Sixta, however, had moved in April 1988. On November 7, 1989, the summons was returned, unserved, with the notation that Sixta had "[m]oved; somewhere in St. Louis." 250 Kan. at 24.

On December 6, 1989, 23 days after obtaining Sixta's correct address, plaintiff procured issuance of an alias summons. The dis-

trict court clerk's office issued the summons with an incorrect address. Slayden's attorney was unaware of the clerk's mistake until January 16, 1990, when the alias summons was returned unserved, indicating there was no such address. On January 23, 1990, 90 days after the petition was filed, a new alias summons was issued bearing Sixta's correct address. On January 30, 1990, 97 days after the petition was filed, personal service was obtained. Since Slayden had not obtained service on Sixta within 90 days after the action was filed, the district court held Slayden's action was barred and dismissed his petition. Slayden appealed, claiming the court clerk's mistake required that the unique circumstances doctrine be applied to extend the time of service.

In *Slayden v. Sixta*, 15 Kan. App. 2d 625, 631, 813 P.2d 393 (1991), the Court of Appeals noted Sixta's whereabouts were discoverable with minimal effort. It then stated that the unique circumstances doctrine set out in *Schroeder* applied only to untimely appeals and required for its application reliance by the party on judicial action rather than on a clerical mistake by a clerk of the district court. 15 Kan. App. 2d at 633. The Court of Appeals rejected Slayden's assertions that (1) the 2-year limitation was tolled under K.S.A. 60-517 by the absence of Sixta from the state and (2) the 90-day relation back period to obtain service under K.S.A. 1990 Supp. 60-203 was extended by the unique circumstances doctrine of *Schroeder*. The court affirmed the district court's dismissal of the petition. 15 Kan. App. 2d at 634. We granted Slayden's petition for review.

In *Slayden*, 250 Kan. at 30, we observed that a timely filing, service of process, and a just adjudication on the merits of the action is what our legislature intended by adopting the Kansas Code of Civil Procedure. The court pointed out that if a clerk of the district court who addresses the summons acts on behalf of the litigant, Slayden's service of summons was untimely and he forfeited his right to litigate. If the clerk acts on behalf of the court, Slayden should not be charged with the delay caused by the clerk's error in addressing the summons. 250 Kan. at 30.

The *Slayden* court concluded that our legislature did not intend that an error by a clerk of the district court when addressing a

summons should deprive a litigant of the right to an adjudication of the issues on the merits. It determined that under the unique circumstances of the case, the 40-day delay in serving the summons caused by the clerk of the district court should not be charged to the plaintiff. 250 Kan. at 30-31. The decisions of the district court and the Court of Appeals were reversed, and the matter was remanded to the district court for further action.

The unique circumstances doctrine is one of specific and limited application and is subject to de novo review by the appellate courts. Our issue is whether the Court of Appeals' application of the unique circumstances doctrine to an administrative agency's action under these circumstances was erroneous. Simply stated, do the facts in this case require application of the unique circumstances doctrine adopted in *Schroeder* and *Slayden*. *Schroeder* involved an extension of the time to appeal granted by a district court, not a nonjudicial administrative agency. *Slayden* dealt with a district court clerk's error in addressing an alias summons, not a misstatement of the law by an administrative agency.

Here, there was no request for an extension by a party, but the County relied on a statement in a BOTA order advising the parties they had 30 days to file a petition for reconsideration under BOTA's regulation. In other words, there was neither a request for an extension of time nor judicial action extending the statutory time for filing the appeal. See *State v. Ji*, 255 Kan. 101, 104, 872 P.2d 748 (1994) (refusing to apply doctrine of unique circumstances where statutory limit to file appeal was not extended by the court within the time to perfect the appeal).

The parties concede that the confusion in this case was caused by BOTA's order stating that its regulations provided 30 days in which to petition for rehearing. The County perfected its request for a rehearing within the time allowed by the tribunal. Does this establish unique circumstances sufficient for application of the equitable rule allowing review on the merits in the interests of justice, notwithstanding a legal defect in perfecting the appeal? The Court of Appeals' decision to apply the unique circumstances doctrine to an administrative action was based upon these facts: (1) All parties were aware that BOTA's initial order of March 9, 1990, was a "final

order," and (2) the County relied upon BOTA's order stating its regulation allowed 30 days to file a petition for rehearing.

Unlike many other agencies subject to KAPA, BOTA had well-established procedures before it was subjected to KAPA. These procedures included requiring petitions for rehearing in order to exhaust administrative review to be filed in 30 days. According to the County, after the 15-day period became effective, BOTA erroneously issued approximately 3,400 orders stating the parties had 30 days to petition for reconsideration. In reliance upon that notice, over 100 petitions for reconsideration were filed within the time set by BOTA's notice and its regulation, but outside the statutory limit of 15 days. In each case, all parties were aware that BOTA's initial order was a "final order" and that to preserve the right to judicial review, a motion for rehearing was required. In addition, each party was notified that BOTA's regulation allowed 30 days to file a motion for rehearing and the motion for rehearing was filed within the time specified in the order. If 3,400 erroneous orders by an administrative agency is not a unique circumstance—what is?

Under the unique circumstances of this case, the administrative agency's erroneous statement that the County had 30 days to file a petition for rehearing under its regulation should not deprive the County of the right to an adjudication of the issues on the merits. We affirm the Court of Appeals' opinion affirming the trial court's order remanding the case to BOTA for a hearing upon the merits of Sumner County's petition for reconsideration.

LARSON, J., dissenting: I respectfully dissent from the decision herein which improperly and unnecessarily adds another chapter to our questionable body of law where we have applied the doctrine of unique circumstances to save an appeal which is otherwise clearly untimely.

The majority states BOTA erroneously issued nearly 3,400 orders stating the parties had 30 days to petition for reconsideration, when a clear reading of K.S.A. 77-529(a) and K.S.A. 74-2426(b) make a 15-day period statutorily jurisdictional. We are further told that over 100 petitions for reconsideration were filed, with ap-

proximately half of them granted. Such a set of circumstances is not, in my mind, unique.

We have specifically held: "An administrative rule or regulation which goes beyond that which the legislature has authorized, or which violates the statute, is void. *Lakeview Village, Inc., v. Board of Johnson County Comm'rs*, 232 Kan. 711, Syl. ¶ 7, 659 P.2d 187 (1983). K.A.R. 94-2-11(a), which states that "any party wishing reconsideration of an order issued by [BOTA], shall within 30 days after the issuance of the order file a motion for rehearing," falls directly under the *Lakeview Village* rule. K.A.R. 94-2-11(a) must be held to be void. Because there is no statutory authority for the majority's position, the nullification of this regulation would also remove any regulation as authority to justify the majority's decision.

This leaves us with *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988), and *Slayden v. Sixta*, 250 Kan. 23, 30, 825 P.2d 119 (1992), as a basis to justify the majority's decision. Both rulings are questionable in my mind but, regardless, they do not provide authority for the decision herein because of the entirely different set of circumstances we face and because the results in those opinions should be sheltered rather than championed.

BOTA's order makes no mention of appellate rights but simply advises the parties they have 30 days to file a motion for reconsideration. There was no request for additional time in which to perfect an appeal. There was no "special assurance" by BOTA that the appeal process was being properly followed. I would not hold either *Schroeder* or *Slayden* justifies the result reached by the majority.

In addressing the doctrine of unique circumstances in *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 103 L. Ed. 2d 146, 109 S. Ct. 987 (1989), the Court held that the rule "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." The assurance by a judicial officer is clearly nonexistent in this case, and the appeal should have been dismissed.

This case is not unlike our recent ruling in *Jones v. Continental Can Co.*, 260 Kan. 547, 920 P.2d 939 (1996), where we held an appeal in a workers compensation case was not timely filed. The

statutes there were complicated and had been changed numerous times, but we applied, as we are called upon to do, the rules relating to appeals:

"The right to appeal is entirely statutory and not a right contained in the United States or Kansas Constitutions; Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes." 260 Kan. 547, Syl. ¶ 1.

The obligation is on the party filing an appeal to read the statutes themselves and not rely on any statement improperly placed on a document they receive or the advice they might obtain from another person or party, whether a governmental employee or even a judicial officer. This is not an unreasonable burden and is one we should enforce.

MCFARLAND, C.J., joins in the foregoing dissent.