Anthony V. RIGGS, Plaintiff,

v.

The BOEING COMPANY, Defendant.

No. 98–2091–JWL.

United States District Court,
D. Kansas.

July 29, 1998.

Anthony V. Riggs, Wichita, KS, pro se.

Trisha A. Thelen, Foulston & Siefkin L.L.P., Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is presently before the court on defendant's motion to dismiss plaintiff's complaint (doc. # 8) pursuant to Fed.R.Civ.P. 12(b)(6). As set forth in more detail below, defendant's motion to dismiss is denied without prejudice. The court will allow plaintiff leave to amend his complaint, to the extent set forth below, on or before August 14, 1998. The court will permit defendant to respond to plaintiff's surreply, addressing the specific issues set forth below, and any amended complaint filed by plaintiff, on or before August 28, 1998.

### I. Background

On February 22, 1993, defendant Boeing terminated plaintiff's employment. More than four years later, on September 17, 1997, plaintiff visited defendant's personnel office "to receive a copy of [his] personnel file and discuss [his] employment with The Boeing Company." Upon reviewing his personnel file, plaintiff discovered a memorandum dated February 24, 1993 from defendant's Man-

ager of Security Investigations. The memorandum reads as follows:

> The above-captioned Boeing–Wichita employee was terminated as a result of an investigation by this office. Prior to giving any consideration to recalling or rehiring the captioned individual, please contact Security Investigations.

During this review, plaintiff also allegedly discovered that his signature was forged on two documents in his personnel file—a "Termination of Employment" form dated February 22, 1993 and a "Notice of Suspension During Investigation" form dated April 29, 1988.

On March 23, 1998, plaintiff filed a pro se complaint against defendant and attached several documents to the complaint as exhibits—the two forms which were purportedly forged; the security investigation memorandum; and a letter written by plaintiff to defendant's personnel office after plaintiff reviewed his file in which he sets forth the allegations described above. Although the specific nature of his claims are unclear, plaintiff apparently seeks relief for "wrongful termination," "illegal devious behavior," "wrongful doing" and forgery based on the two allegedly forged documents and the placement in his personnel file of the security investigation memorandum.

## II. Discussion

Defendant moves to dismiss plaintiff's "wrongful termination" claim on the basis that any such claim is barred by all conceivable statutes of limitations. Defendant seeks dismissal of plaintiff's remaining claims for failure to state a claim upon which relief can be granted.

1. According to his surreply, plaintiff apparently believed that he was simply on leave from his employment with defendant pending further notice.

2. Defendant, in the alternative, moves to dismiss plaintiff's "wrongful doing," "illegal devious behavior" and forgery claims because, according to defendant, such claims are barred by the applicable statute of limitations. Because the court cannot discern from plaintiff's complaint any recognized legal claims, the court is unable to engage in an analysis of the statute of limitations issues raised by defendant with respect to these "claims." Should plaintiff properly amend his

As set forth below, plaintiff's surreply suggests that plaintiff was not aware that defendant had terminated his employment until September 1997 when he reviewed the documents in his personnel file.[1] Accordingly, the court will permit defendant an opportunity to address the effect, if any, of plaintiff's allegation on defendant's statute of limitations defense.

Finally, the court agrees with defendant that plaintiff has not pled sufficient facts to support any recognized legal claim based on defendant's alleged "wrongful doing," "illegal devious behavior," or forgery. Nonetheless, in an abundance of caution, the court will permit plaintiff an opportunity to amend his complaint to the extent additional factual allegations exist which would support any recognized legal claims based on the alleged actions of defendant.[2]

### A. Rule 12(b)(6) Standards[3]

■ Dismissal of a claim under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Oleson v. KMart Corp.,* No. 96–4066–SAC, 1996 WL 772604, at *1 (D.Kan. Dec.5, 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))); *Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472, 1473 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citing *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986)). Moreover, at the motion to dis-

complaint to assert cognizable claims based on actions allegedly taken by defendant, defendant may raise the statute of limitations defense with respect to the specific claims asserted by plaintiff.

3. The court can properly consider the documents attached to plaintiff's complaint without converting defendant's motion to dismiss to a motion for summary judgment. *See Hall v. Bellmon,* 935 F.2d 1106, 1112 (10th Cir.1991) (written documents attached to the complaint as exhibits are considered part of the complaint for consideration in a Rule 12(b)(6) motion) (citing Fed. R.Civ.P. 10(c)).

miss stage, the court is required to accept all well-pleaded facts as true. *Butler v. City of Prairie Village,* 961 F.Supp. 1470, 1476 (D.Kan.1997) (citing *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984)).

## B. Plaintiff's "Wrongful Termination" Claim

■■■ Defendant moves to dismiss plaintiff's wrongful termination claim on the grounds that the claim is barred by all conceivable statutes of limitations. When actions filed in the district court rely on state law,[4] the statute of limitations of the forum determines the limitation period in the federal court. *Northern Natural Gas Co. v. Grounds,* 931 F.2d 678, 683 (10th Cir.1991) (citing *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). Regardless of the particular legal basis for plaintiff's "wrongful termination" claim (*i.e.,* breach of implied or express contract; retaliatory discharge), there is no statute of limitations under Kansas law which would allow plaintiff to bring such an action more than five years after the cause of action accrued. *See, e.g.,* K.S.A. § 60–511(1) (an action for breach of a written contract must be brought within five years after the cause of action accrued); K.S.A. § 60–512(1) (an action for breach of an implied contract must be brought within three years after the cause of action accrued); *Marquardt v. Miles, Inc.,* No. 93–2153–JWL, 1994 WL 171698, at *5 (D.Kan. Apr. 14, 1994) (two-year statute of limitation found in K.S.A. § 60–513(a)(4) applies to retaliatory discharge claim) (citing *Johnston v. Farmers Alliance Mut. Ins. Co.,* 218 Kan. 543, 546–47, 545 P.2d 312 (1976)), *aff'd,* 68 F.3d 483 (10th Cir.1995). A cause of action for plaintiff's termination arising under a contractual theory would accrue at the time of the alleged breach. *See, e.g., Purification Int'l, Inc. v. OHM Remediation Servs. Corp.,* No. 96–2051–JWL, 1997 WL 94225, at *3 (D.Kan. Jan. 31, 1997) (cause of action for breach of contract claim accrues at the time of the alleged breach, "irrespective of any knowledge on the part of the plaintiff or of any actual injury it causes.") (quoting *Pizel v.*

*Zuspann,* 247 Kan. 54, 73, 795 P.2d 42 (1990) (citing *Price v. Holmes,* 198 Kan. 100, 106, 422 P.2d 976 (1967))). A cause of action for retaliatory discharge would accrue at the time plaintiff was notified of the termination. *Marquardt,* 1994 WL 171698, at *5 (retaliatory discharge claim accrues on the date plaintiff receives notice of termination) (citing *Johnston,* 218 Kan. at 548, 545 P.2d 312).

In his complaint, plaintiff alleges that defendant wrongfully terminated his employment. The documents attached to plaintiff's complaint expressly indicate that plaintiff's employment was terminated by defendant on February 22, 1993. Plaintiff filed his claim on March 23, 1998—at least five years after the date on which alleged wrongful act occurred. Thus, at first blush, it appears that plaintiff's wrongful termination claim is barred by the statute of limitations as a matter of law, unless a factual basis for tolling the statute exists. *Tiberi v. CIGNA Corp.,* 89 F.3d 1423, 1428 (10th Cir.1996). *See also Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.") (citations omitted); *Slayden v. Sixta,* 250 Kan. 23, 26, 825 P.2d 119 (1992) ("[T]he burden of proving facts sufficient to toll the statute of limitations is upon the plaintiff.").

The Kansas Legislature has enacted several tolling provisions which toll a statute of limitations under certain circumstances. In contract cases, for example, the statute of limitations may be tolled when partial payment is made or the debtor acknowledges an existing liability. K.S.A. § 60–520; *Jarnagin v. Ditus,* 198 Kan. 413, 418, 424 P.2d 265 (1967). A statute of limitations may also be tolled when a defendant is out of the state, K.S.A. § 60–517, when a plaintiff is legally disabled, K.S.A. § 60–515, or when a suit is stayed by an injunction, K.S.A. § 60–519.

---

4. The court assumes that plaintiff's wrongful termination claim is contemplated under state law. Although the letter attached to plaintiff's complaint suggested that plaintiff intended to seek relief under Title VII, plaintiff clarified in his papers that he is not pursuing a Title VII claim against defendant.

The Kansas Supreme Court has also recognized that an otherwise untimely filing may be excused when "unique circumstances" are present. *See Slayden,* 250 Kan. at 30–31, 825 P.2d 119; *Schroeder v. Urban,* 242 Kan. 710, 713–14, 750 P.2d 405 (1988). This doctrine requires a "demonstration of good faith" on the part of the party seeking additional time and a "reasonable basis for noncompliance within the time specified by the rules." *Slayden,* 250 Kan. at 30, 825 P.2d 119. The Kansas Supreme Court has cautioned, however, that the unique circumstances doctrine is one of "specific and limited application." *In re Tax Appeal of Sumner County,* 261 Kan. 307, 316, 930 P.2d 1385 (1997). In fact, the Kansas Supreme Court has applied the unique circumstances doctrine only where an untimely filing was the result of third-party error. *See Sumner County,* 261 Kan. at 317, 930 P.2d 1385 (untimely filed petition for reconsideration excused where Board of Tax Appeals made erroneous statement with respect to filing period); *Slayden,* 250 Kan. at 30–31, 825 P.2d 119 (applying unique circumstances doctrine where 40–day delay in serving summons was caused by error of clerk of the district court); *Schroeder,* 242 Kan. at 713–14, 750 P.2d 405 (untimely filing of appeal excused where the district court purported to extend the appeal period).

In his surreply, plaintiff suggests that he did not know that defendant had actually terminated his employment until September 1997. Prior to reviewing his personnel file and the documents therein, plaintiff apparently believed that he had been placed on leave pending further notice. Moreover, plaintiff suggests that he was denied access to his personnel file prior to September 1997. The rules of this court do not provide for the filing of surreplies, *EEOC v. International Paper Co.,* No. 91–2017–L, 1992 WL 370850, at *10 (D.Kan. Oct. 28, 1992), and plaintiff did not seek permission from the court prior to filing his surreply. Because this rule is not expressly stated in the local rules, the court will indulge plaintiff, appearing pro se, in this one instance. *Van Deelen v. City of*

*Eudora,* No. 96–4040–SAC, 1996 WL 707016, at *1 (D.Kan. Nov. 5, 1996). Moreover, plaintiff's surreply clarifies for the court plaintiff's argument with respect to his wrongful termination claim. Prior to receiving plaintiff's surreply, the court did not understand plaintiff's argument to be that he did not have notice of his actual termination in February 1993. Rather, plaintiff's complaint and initial response merely suggested to the court that plaintiff did not decide to review his personnel file until more than four years after he had been terminated (which review, as the court initially understood plaintiff's claim, gave rise to concerns about the circumstances surrounding the termination). Thus, the court will permit plaintiff to file his surreply and will permit defendant to specifically address whether plaintiff's wrongful termination claim, as clarified in plaintiff's surreply, is barred by the statute of limitations.[5] Plaintiff is instructed that the court will not consider any additional responsive papers from plaintiff with respect to this issue without prior permission from the court and for good cause shown.

### C. Plaintiff's Remaining Claims

In addition to his "wrongful termination" claim, plaintiff purports to assert claims of "wrongful doing," "illegal devious behavior" and forgery. Although the court bears in mind that plaintiff is appearing in this lawsuit pro se and, accordingly, the court should construe his pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)). Plaintiff's allegations of "wrongful doing" and "illegal devious behavior," in light of the facts pled by plaintiff, do not trigger in the court's mind any recognized legal claim separate and distinct from plaintiff's wrongful termination claim. Significantly, plaintiff has failed to allege any facts (and the court cannot adduce any additional facts from the

5. The court wonders whether plaintiff's express abandonment of any Title VII claim against defendant raises any jurisdictional issues. If appropriate, defendant may move to dismiss plaintiff's complaint on jurisdictional grounds at the time defendant responds to plaintiff's surreply and any amended complaint filed by plaintiff.

documents attached to plaintiff's complaint) with respect to damages he has incurred as a result of any actions allegedly taken by defendant. Moreover, although forgery is certainly a recognized concept, it is a criminal act for which plaintiff cannot obtain relief through the civil justice system in Kansas. *See Nevin v. Hoffman*, 431 F.2d 43, 49 (10th Cir.1970) (noting that no Kansas case has indicated that Kansas has or would adopt the "civil forgery" rule).

Based on the facts presently before it, the court will not endeavor to decipher whether plaintiff's allegations of "wrongful doing," "illegal devious behavior," and forgery translate into recognized legal claims. In an abundance of caution, however, the court will permit plaintiff an opportunity to amend his complaint in an effort to state a cognizable claim based on any actions allegedly taken by defendant. Plaintiff should take particular care to set forth whether and how he has incurred damages or injury as a result of defendant's actions. Any claims not amended by plaintiff on or before August 14, 1998 will be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. # 8) is denied without prejudice. The court grants plaintiff leave to file an amended complaint, to the extent any additional factual allegations exist, with respect to his allegations of "wrongful doing," "illegal devious behavior" and forgery. Plaintiff may file his amended complaint on or before August 14, 1998. Any claims not amended by plaintiff on or before August 14, 1998, will be dismissed.

The court grants defendant leave to file a response to plaintiff's surreply to address the specific issue of whether plaintiff's wrongful termination claim, as clarified in plaintiff's surreply, is barred by the statute of limitations. Defendant may also respond to any amended complaint filed by plaintiff at that time. Defendant may file this response on or before August 28, 1998. Plaintiff may not file any additional papers with respect to the statute of limitations issue without the court's prior consent for good cause shown. If, however, plaintiff files an amended complaint with respect to his remaining claims and defendant moves to dismiss plaintiff's amended complaint, plaintiff can certainly re-spond within the appropriate time frame to defendant's motion to dismiss.

**IT IS SO ORDERED.**